EXHIBIT

1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between the following parties on June ____, 2015: Plaintiffs Francisco Rene Marty, Seth Goldman, and Fernando Marquet, individually and on behalf of the Settlement Class ("Plaintiffs" and/or "Class Representatives"), on the one hand, and Anheuser-Busch Companies, LLC ("Defendant" or "A-B") on the other hand, in the action entitled *Francisco Rene Marty et al. v. Anheuser-Busch Companies, LLC*, Case No. 13-cv-23656 (S.D. Fla.) ("Action").

## I. DEFINITIONS

As used in this Agreement and all related documents, the following terms have the following meanings:

A.       "Beck's Beer" means all bottles or cans of Beck's Pilsner, Beck's Dark, Beck's Light, and/or Beck's Oktoberfest brewed and sold in the United States by A-B.

B.       "Claim" means the claim of a Settlement Class Member submitted as provided in this Agreement.

C.       "Claim Form" means a claim form in substantially the same form and substance as the claim form attached hereto as Exhibit A.

D.       "Claim Period" means the time period in which Class Members may submit a Claim Form for review to the Class Action Settlement Administrator. The Claim Period shall run for one hundred and twenty (120) days from the date that Class Notice is initially disseminated.

E.       "Claims Process" means the process for Settlement Class Members' submission of Claims as described in this Agreement.

F.       "Class Action Settlement Administrator" or "Claims Administrator" means the third-party agent or administrator agreed to by the Parties and appointed by the Court. The Parties agree that Kurtzman Carson Consultants, LLC shall be retained to implement the claims and settlement requirements of this Agreement.

G.       "Class Counsel" means Thomas A. Tucker Ronzetti, Esq., Kozyak, Tropin & Throckmorton, LLP, Lance A. Harke, P.A., Harke Clasby & Bushman LLP, and Robert Rodriguez, Esq., Robert W. Rodriguez, P.A.

H.       "Class Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section VII of the Agreement substantially in the form attached as Exhibit B.

I.       "Class Period" means May 1, 2011 through the date of Preliminary Approval of Class Settlement.

J.       "Effective Date" means (a) if no objection is raised to the proposed settlement at the Final Approval Hearing, the date on which the final approval order and judgment is entered; or (b) if any objections are raised to the proposed settlement at the Final Approval Hearing and not withdrawn prior to the Final Judgment, the latest of (i) the expiration date of the time for filing or notice of any appeal from the final approval order and judgment, (ii) the date of final affirmance of any appeal of the final approval order and judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the final approval order and judgment and, if certiorari is granted, the date of final affirmance of the final approval order and judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the final approval order and judgment or the final dismissal of any proceeding on certiorari to review the final approval order and judgment.

K.       "Final Approval Hearing" means the hearing at or after which the Court will make a final decision whether to approve this Agreement and the settlement set forth herein as fair, reasonable, and adequate and entry by the Court of a final judgment and order thereon.

L.       "Final Judgment" means the judgment the Court enters, finally approving the class settlement. A proposed Final Judgment is attached hereto as Exhibit C.

M.       "Objection/Exclusion Deadline" means the date twenty-one (21) days prior to the "Final Approval Hearing," defined above.

N.       "Parties" means the Class Representatives and Defendant.

O.       "Preliminary Approval" means the date the Court preliminarily approves the settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

P.       "Publication Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section VII of the Agreement. The Publication Notice shall be substantially in the form as the notice attached hereto as Exhibit D.

Q.       "Settlement Class" means: All consumers who purchased Beck's Beer in the United States for personal, family, or household purposes and not for re-sale during the Class Period. Excluded from the Settlement Class are all persons who validly opt out of the settlement in a timely manner (for purposes of damages claims only); counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, and all of its respective employees, officers, and directors; and the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff.

R.       "Settlement Class Household" means, to the extent family members, or extended family members, living under the same roof and for whom purchases of Beck's Beer were collectively made, those family members shall be treated as one "Settlement Class Household" for purposes of the "Claims Process" described below. For purposes of the "Claims Process," a sole or single "Settlement Class Member" shall be treated as one "Settlement Class Household."

S. "Settlement Class Member" means any member of the Settlement Class.

## II. LITIGATION BACKGROUND

A. On October 9, 2013, Plaintiff Marty filed the Action seeking damages, injunctive relief and declaratory relief, alleging that Beck's Pilsner had been falsely or misleadingly labeled or marketed. The Action asserted a claim for unjust enrichment on behalf of a nationwide class and a claim for violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* "FDUTPA", on behalf of a Florida subclass. Plaintiff Marty amended the Complaint on March 31, 2014, adding Plaintiffs Goldman and Marquet, as well as claims under New York General Business Law § 349, California Unfair Competition Law, Business and Professions Code § 17200, and California Consumer Legal Remedies Act, Civil Code § 1750. The Amended Compliant sought certification of a nationwide unjust enrichment class and three state subclasses for Florida, New York, and California for the consumer protection act claims.

B. The Parties engaged in substantial discovery. There were twelve (12) depositions taken of the Parties, non-parties, and expert witnesses. The parties responded to interrogatories and over 28,000 documents were produced.

C. Defendant A-B moved to dismiss the Amended Complaint in its entirety, which was denied on September 5, 2014.

D. The Parties engaged experts on marketing practices and damages, who prepared reports and were deposed, and the Parties fully briefed various motions in *limine* directed at the expert witnesses.

E. The parties fully briefed Plaintiffs' Motion for Class Certification which was argued before Magistrate Judge John O'Sullivan on April 16, 2015. After the hearing, the Court ordered the parties to conduct a mediation on or before June 18, 2015.

F. During the pendency of the Action, A-B began the process of changing its packaging to prominently include "Brewed in USA" or "Product of USA" on the front and back of consumer-facing packages of Beck's Beer, as well as to revise the "Product of USA" disclosure on Beck's Beer labels. These changes have been approved by the Alcohol and Tobacco Tax and Trade Bureau ("TTB").

G. Defendant expressly denies any liability or wrongdoing of any kind associated with the claims alleged in the Action and believes that its labeling, packaging, and marketing of Beck's Beer have always been truthful and not deceptive. Defendant further contends that, for any purpose other than settlement, this Action is not appropriate for class treatment. Defendant does not admit or concede any actual or potential fault, wrongdoing, or liability concerning or relating to the allegations in the Action.

H. Class Counsel has conducted a thorough investigation into the facts surrounding the Action. This investigation included but was not limited to: factual research; legal research; and collecting and reviewing of documents and data through discovery and otherwise.

I.      Counsel for the Parties conducted a mediation with Ronald Ravikoff, Esq. on May 26, 2015. Before, during, and after the mediation the parties engaged in a series of discussions regarding a settlement of the Action, including substantial arms-length negotiations. The result was a settlement of the Action in its entirety, culminating with this Agreement.

J.      Based on the above-outlined investigation, the current state of the law, the expense, burden, and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution of this Action considering the defenses at issue, the sharply contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiffs and the Settlement Class Members pursuant to this Agreement, Class Counsel has concluded that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of all known facts and circumstances. Further, Defendant has agreed to modify the language on the labels of Beck's Beer and to add language to Beck's Beer consumer-facing packaging.

K.      Defendant and Defendant's counsel recognize the expense and length of continued proceedings necessary to continue the Action through trial and through possible appeals. Defendant also recognizes that the expense and time spent pursuing this Action has and will further detract from resources that may be used to run Defendant's business. While Defendant denies any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action and believes that it has valid defenses to Plaintiffs' claims, Defendant has determined that the settlement is fair, adequate, and reasonable.

## III. CERTIFICATION

A.      Certification of Class: For Settlement purposes only, and without any finding or admission of any wrongdoing or fault by Defendant, and solely pursuant to the terms of this Agreement, the Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(b)(2).  Francisco Rene Marty, Seth Goldman, and Fernando Marquet will serve as class representative plaintiffs and Kozyak Tropin & Throckmorton, LLP and Harke Clasby & Bushman, LLP will serve as Co-Lead Class Counsel.

B.      Certification is Conditional: This certification is for settlement purposes only and is conditional on the Court's approval of this Agreement. In the event the Court does not approve all terms of the Agreement, then certification of the Settlement Class should be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy. And, in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Defendant shall not be deemed to have waived any opposition or defenses it

has to any aspect of the claims asserted herein or to whether those claims are amenable to class-based treatment.

## IV. SETTLEMENT CONSIDERATION

In consideration of the mutual covenants and promises set forth herein, and subject to Court approval, the Parties agree as follows:

A.    <u>Injunctive Relief</u>: Defendant stipulates to the following injunctive relief as to Beck's Beer:

1.    For a period of no less than five (5) years, and subject to all necessary regulatory approvals by appropriate governing agencies, inclusion of either the phrase "Brewed in USA" or "Product of USA" on: a) Beck's Beer bottles substantially in the position and form recently approved by the TTB (as reflected in Exhibit E); b) Beck's Beer cans in its present position and form; c) the front and back of all Beck's Beer consumer-facing packages substantially in the position and form reflected in Exhibit F; and d) the "About Beck's" (http://becks.com/#/en/about/becks) page of the Beck's website.  The type face, type size, position, color, and setoff of the disclosures will be agreed by the parties to be sufficient to inform a reasonable consumer of the place where Beck's Beer is brewed while not unduly impairing A-B's marketing.

2.    Plaintiffs agree that Defendant shall be permitted four (4) months from the Effective Date to sell off all of its existing labeling and packaging of Beck's Beer.

B.    <u>Monetary Relief</u>: Defendant shall offer partial refunds to Settlement Class Members for Beck's Beer subject to the following provisions of the Claims Process:

1.    Claims Supported by Proof of Purchase: A Settlement Class Member who has valid proof of purchase of Beck's Beer will be entitled to the following refunds:

    a.    Six pack of 12 oz. bottles or cans: $.50 each
    b.    Four pack of 16 oz. cans: $.50 each
    c.    Twelve pack of 12 oz. bottles or cans: $1.00 each
    d.    Fifteen pack of 12 oz. bottles or cans: $1.25 each
    e.    Twenty pack of 12 oz. bottles: $1.75
    f.    Individual bottle or can: $0.10 each

    Such valid proof of purchase shall consist of a sales receipt showing the Beck's Beer purchased and the date of purchase. Such reimbursement, supported by valid proof of purchase for all qualifying purchases, shall be capped at $50.00 per Settlement Class Household.

2.    Claims Not Supported by Proof of Purchase: A Settlement Class Member who does not have valid proof of purchase of Beck's Beer will be entitled to the following refunds without proof:

     a.    Six pack of 12 oz. bottles or cans: $.50 each
     b.    Four pack of 16 oz. cans: $.50 each
     c.    Twelve pack of 12 oz. bottles or cans: $1.00 each
     d.    Fifteen pack of 12 oz. bottles or cans: $1.25 each
     e.    Twenty pack of 12 oz. bottles: $1.75
     f.    Individual bottle or cans: $0.10 each

Such reimbursement, for claims not supported by proof of purchase, shall be capped at $12.00 per Settlement Class Household.

3.    Settlement Class Members may seek reimbursement by completing a Claim Form and timely submitting it to the Class Action Settlement Administrator. A Settlement Class Member may submit the Claim Form electronically via an agreed-upon website (the "Settlement Website") or by mail.

4.    Defendant, through the Class Action Settlement Administrator, shall honor and administer the payment of all eligible Claims submitted either through U.S. mail or online via the Settlement Website within the Claim Period, which begins on the date Class Notice is initially disseminated and expires one hundred and twenty (120) days later.   Defendant shall have no obligation to honor untimely Claims received by the Class Action Settlement Administrator after the Claim Period.

5.    A-B shall fund the total amount to be paid to eligible Settlement Class Members within thirty (30) days after the Class Action Settlement Administrator determines the total amount to be paid to eligible claimants (which the Class Action Settlement Administrator shall do twenty (20) days after the Claims Period ends or twenty (20) days after the Effective date, whichever is later). A-B shall place said fund in an agreed-upon institutional account. The Class Action Settlement Administrator shall then pay all eligible claimants within thirty (30) days after A-B deposits the funds to be paid.

6.    Confirmatory Discovery: The Parties will be entitled to further confirmatory discovery to the extent necessary to support the settlement.

## V. ATTORNEYS FEES AND CLASS REPRESENTATIVE AWARD

Class Counsel agrees that it will apply to the Court for attorneys' fees, costs, and expenses in an amount not to exceed three million five hundred thousand dollars ($3,500,000.00 USD). This is an inclusive amount and specifically includes all costs and fees incurred by Class Counsel and Plaintiffs in connection with the Action thus far, as well as ongoing and future costs

and fees through finalization of settlement of this Action. This amount will be paid by A-B above and beyond any relief provided to the Settlement Class. Class Counsel agrees that it will apply to the Court for an incentive award to the class representatives Francisco Rene Marty, Seth Goldman, and Fernando Marquet in an amount not to exceed five thousand dollars each ($5,000.00 USD), for their participation as the class representatives, for taking on the risks of litigation, and for settlement of their individual claims as a Settlement Class Member in this Action. Defendant agrees not to oppose Class Counsel's motion for attorneys' fees and costs and incentive award, provided that the requested attorneys' fees and costs and incentive award do not exceed three million five hundred fifteen thousand dollars ($3,515,000.00 USD) in the aggregate. Plaintiffs and Class Counsel agree not to move for attorneys' fees and costs and incentive award exceeding three million five hundred fifteen thousand dollars ($3,515,000.00 USD) in the aggregate. No later than thirty (30) days following the entry of the Final Judgment, A-B shall separately pay into an interest bearing account the total amount actually awarded by the Court as attorneys' fees, expenses and costs, and incentive award, not to exceed three million five hundred fifteen thousand dollars ($3,515,000.00 USD) in the aggregate, which shall be disbursed with accumulated interest upon the Effective Date into an account to be provided by Class Counsel. Plaintiffs and Class Counsel agree to provide Defendant all identification information necessary to effectuate the payment of the fees and costs including, but not limited to, Taxpayer Identification Number(s), and completed Internal Revenue Service Form W-9(s).

This Agreement will remain effective for all purposes irrespective of whether the Court grants Class Counsel's request for attorneys' fees or awards Class Counsel a lesser amount than that requested.

## VI. RELEASE

Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the settlement benefits described in this Agreement, Plaintiffs and the Settlement Class fully release and discharge Defendant, and all its present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Discharged Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the claims alleged in the Action.

## VII. NOTICE TO THE SETTLEMENT CLASS

Class Notice: Defendant, at its cost, shall issue the Class Notice in accordance with the requirements of the Preliminary Approval Order, as follows:

A.      Subject to the approval of the Court and to begin no later than thirty (30) days after the order of Preliminary Approval, Defendant shall cause the Publication Notice to be published in substantially the form attached as Exhibit D in the manner recommended by the Class Action Settlement Administrator which will include, but not be limited to: (i) published notice; (ii) internet notice; (iii) establishment of a settlement website; and (iv) through direct mail (along with a Claim Form) or email to currently available addresses that have been provided to A-B through the Beck's or A-B websites or via email or telephone by potential Beck's Beer consumers. In addition, Class Notice, in substantially the form attached hereto as Exhibit B shall be published on the Settlement Website.

B.      Tracking and reporting of class members who request exclusion shall be compiled by the Class Action Settlement Administrator and communicated to the Plaintiffs who will report to the Court.

C.      Any notice required to comply with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

## VIII. PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

A.      **Objections:**  Only Settlement Class Members may object to the settlement. To object, a Settlement Class Member must provide the following information in writing: (i) full name, current address, and current telephone number; (ii) documentation or attestation sufficient to establish membership in the Class; (iii) a statement of all grounds for the objection accompanied by any legal support for the objection; and (iv) copies of any other documents upon which the objection is based.

1.      All objections must be filed on or before the Objection/Exclusion Deadline with the Clerk of Court, Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served at that same time upon both of the following:

a. Class Counsel
Thomas A. Tucker Ronzetti, Esq.
KOZYAK, TROPIN &
THROCKMORTON, LLP
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134

and

      b.  Defendant's Counsel
          Stanley H. Wakshlag, Esq.
          KENNY NACHWALTER, P.A
          201 South Biscayne Boulevard, Suite 1100
          Miami, FL 33131 4327

2.      Any objection that does not meet all of these requirements will be deemed invalid and will be overruled.

3.      Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Award, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendant's Counsel (at the addresses listed above), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before the Objection/Exclusion Deadline.

4.      The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing.  Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

5.      The date of the postmark on the mailing envelope or a legal proof of service accompanied and a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline.

6.      <u>Response to Objections</u>: Class Counsel shall, at least five (5) business days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with this Agreement.

B.      **Exclusions**

1.      <u>Procedure for Requesting Exclusion</u>:  Settlement Class Members who wish to opt out of the settlement (for purposes of damages claims only) must submit a written statement within the Objection/Exclusion Deadline. The Full Class Notice shall provide mandatory language for the request for exclusion. Requests to opt-out that do not include all required information and/or that are not submitted on a timely basis, will be deemed null, void, and ineffective. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a Settlement Class Member's opt-out/exclusion request has been timely submitted. In the event that the postmark is illegible, the opt-out/exclusion request shall be deemed untimely unless it is received by counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline. Any Settlement Class Member who properly opts out of the Settlement Class using this procedure will not be entitled to any portion of the refunds, will not be bound by the settlement (for purposes of damages claims only), and will not have any right to object, appeal or comment thereon. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the Objection/Exclusion Deadline shall be bound by all terms of the settlement and any final judgment entered in this litigation if the settlement is approved by the Court, regardless of whether they ineffectively or untimely requested exclusion from the settlement.

2.      <u>No Solicitation of Settlement Objections or Exclusions</u>: The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Member to object to the settlement or request exclusion from participating as a Settlement Class Member, or encourage any Settlement Class Member to appeal from the final judgment.

## IX. RELEASE OF UNKNOWN CLAIMS

Plaintiffs expressly understand and acknowledge, and all Settlement Class Members will be deemed by the Final Judgment to acknowledge, that certain principles of law, including but not limited to Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable--notwithstanding that the Parties have chosen Florida law to govern this Agreement--Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules or legal principles, to the extent they are found to be applicable herein are hereby knowingly and voluntarily waived, relinquished, and released by Plaintiffs and all Settlement Class Members.

## X. DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL

The Parties shall promptly submit this Agreement to the Court in support of a Joint Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Agreement (and by no later than June 18, 2015), the Parties shall apply to the Court for the entry of a Preliminary Approval order substantially in the following form:

A.    Scheduling a Final Approval Hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to the members of the class;

B.    Approving as to form and content the Publication Notice and Class Notice;

C.    Directing publication of the Publication Notice, and the method of class notice;

D.    Preliminarily approving the settlement;

E.    Preliminarily and conditionally certifying the Settlement Class for settlement purposes;

F.    Staying all proceedings in the Action, and enjoining the prosecution of any other individual or class claims.

G.    Providing that, in the event the proposed settlement set forth in this Agreement is not approved by the Court, this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy; and that in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all parties hereto, who shall be restored to the respective positions as of the date of this Agreement. In the event the Court does not enter the Preliminary Approval order described herein, or decides to do so only with material modifications, then this entire Agreement shall become null and void, unless the parties hereto agree in writing to proceed with this Agreement as modified.

## XI. COURT APPROVAL

Class Counsel will submit a proposed final order and judgment at the Final Approval Hearing to include:

A.    Approving the settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

B.    Approving Class Counsel's application for the requested award of attorneys' fees and costs and the Class Representative applications; and

11

C.      Seeking entry by the Court of a final judgment and order permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels in regard to those matters released as set forth in Section VI above.

## XII. PARTIES' AUTHORITY

The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## XIII. MUTUAL FULL COOPERATION

A.      The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement. As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of Defendant and its counsel, shall take all necessary steps to secure the Court's final approval of this Agreement.

B.      Defendant agrees that Defendant will not attempt to discourage Settlement Class Members from filing claims.

## XIV. NO ADMISSION

This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or as an admission that class treatment in the Action is proper for any purpose other than settlement. Defendant denies all liability for claims asserted in the Action and denies that class treatment for the Action is proper for any purpose other than settlement. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding. This Agreement or the existence of this settlement shall not be used or cited in any proceeding other than (i) an action or proceeding to approve or enforce this Agreement, or (ii) in a subsequent proceeding potentially barred by the Release specified herein.

## XV. NOTICES

Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed to have been given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| For The Class | For Defendant |
|---|---|
| Thomas A. Tucker Ronzetti, Esq. KOZYAK, TROPIN & THROCKMORTON, LLP 2525 Ponce de Leon Blvd., 9th Floor Coral Gables, FL 33134 | Stanley H. Wakshlag, Esq. KENNY NACHWALTER, P.A 201 South Biscayne Boulevard, Suite 1100 Miami, FL 33131 4327 |

## XVI. CONSTRUCTION

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Agreement.

## XVII. MATERIAL TERMS; CAPTIONS

Each term of this Agreement is a material term of the Agreement not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder. Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## XVIII. INTEGRATION CLAUSE

This Agreement contains the entire agreement between the Parties relating to the settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished.

## XIX. NO COLLATERAL ATTACK

This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Class after the judgment and dismissal is entered. Such prohibited collateral attacks shall include claims made before the Final Approval Hearing that a Settlement Class Member's settlement amount was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual settlement amount or failed to submit a timely dispute letter for any reason.

## XX. AMENDMENTS

The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

## XXI. ASSIGNMENTS

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

## XXII. GOVERNING LAW

This Agreement shall be governed by, and the rights of the Parties determined in accordance with, the laws of the State of Florida, irrespective of the State of Florida's choice of law principals.

## XXIII. BINDING ASSIGNS

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXIV. CLASS COUNSEL SIGNATORIES

It is agreed that because the Settlement Class appears to be so numerous, it is impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

## XXV. COUNTERPARTS

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Class.

## XXVI. NON-DISPARAGEMENT

Plaintiffs and their attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of the Discharged Parties. Anheuser-Busch and its attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Plaintiffs regarding this matter.

BY: _____
Plaintiff, Francisco Rene Marty

BY: _____
Plaintiff, Seth Goldman

BY: _____
Plaintiff, Fernando Marquet

BY: _____
Class Counsel

BY: _____
Name:
Title:
Defendant Anheuser-Busch Companies, LLC

BY: _____
Name:
Title:
Defendant Anheuser-Busch Companies, LLC

BY: _____
Counsel for Defendant

BY: _____ *Francisco R. Marty*
Plaintiff, Francisco Rene Marty

BY: _____
Plaintiff, Seth Goldman

BY: _____
Plaintiff, Fernando Marquet

BY: _____
Class Counsel

BY: _____
Name:
Title:
Defendant Anheuser-Busch Companies, LLC

BY: _____
Name:
Title:
Defendant Anheuser-Busch Companies, LLC

BY: _____
Counsel for Defendant

15

BY: _____

Plaintiff, Francisco Rene Marty

BY: _____

Plaintiff, Seth Goldman

BY: _____

Plaintiff, Fernando Marquet

BY: _____

Class Counsel

BY: _____

Name:
Title:
Defendant Anheuser-Busch Companies, LLC

BY: _____

Name:
Title:
Defendant Anheuser-Busch Companies, LLC

BY: _____

Counsel for Defendant

15

BY: _____
Plaintiff, Francisco Rene Marty

BY: _____
Plaintiff, Seth Goldman

BY: _____
Plaintiff, Fernando Marquet

BY: _____
Class Counsel

BY: _____
Name:
Title:
Defendant Anheuser-Busch Companies, LLC

BY: _____
Name:
Title:
Defendant Anheuser-Busch Companies, LLC

BY: _____
Counsel for Defendant

BY: _____

Plaintiff, Francisco Rene Marty

BY: _____

Plaintiff, Seth Goldman

BY: _____

Plaintiff, Fernando Marquet

BY: _____

Class Counsel

BY: _____

Name:
Title:
Defendant Anheuser-Busch Companies, LLC

BY: _____

Name:
Title:
Defendant Anheuser-Busch Companies, LLC

BY: _____

Counsel for Defendant

15

BY: _____
     Plaintiff, Francisco Rene Marty

BY: _____
     Plaintiff, Seth Goldman

BY: _____
     Plaintiff, Fernando Marquet

BY: _____
     Class Counsel

BY: _____
     Name: JOHN OYERRA
     Title: VP, FINANCE
     Defendant Anheuser-Busch Companies, LLC

BY: _____
     Name: KATHERINE BARRETT
     Title: VP GENERAL COUNSEL NA
     Defendant Anheuser-Busch Companies, LLC

BY: _____
     Counsel for Defendant

16

*E*

*X*

*H*

*I*

*B*

*I*

*T*


*A*

## CLAIM FORM AND INSTRUCTIONS

> The Claims Administrator must receive this Claim Form no later than _____, 2015 in order for it to be considered.

### *Francisco Rene Marty et al. v. Anheuser-Busch Companies, LLC, Case No. 13-cv-23656 (pending in the Southern District of Florida).*

**Please read all of the following instructions carefully before filling out your Claim Form.**

1.  You have three options to make a claim:

    a.  You may print out, complete, and mail your claim form to the Claims Administrator at _____.  Although not necessary to make a claim, if you have proof of purchase, please include it with your claim form.

    b.  You may print out, complete, and upload this form to the settlement website at _____. When using this option you may upload proof of purchase to the extent you have such proof.

    c.  You may use an online claim form by going to www._____.com.  When using this option you may upload proof of purchase to the extent you have such proof.

2.  Complete Part A ("Claimant Information") by filling in the requested information. Only one Claim Form per household will be honored.

3.  Complete Part B by providing the number of purchases of each kind of Beck's Pilsner, Beck's Dark, Beck's Light, and/or Beck's Oktoberfest you purchased between May 1, 2011 and [Date of Preliminary Approval].  For example, if you purchased one six-pack during the class period, you would fill in the number "1" on the line that corresponds with Six Pack(s).  You must then check a box to indicate if you have proof of purchase or not.  Those with proof of purchase **must submit it with the claim form** and may obtain reimbursement up to $50.00 per household.  Those with no proof of purchase may obtain reimbursement up to $12.00 per household.

4.  Sign the CLAIM FORM.  For those filing online, there will be an e-signature requirement.

5.  Once your Claim Form is received, the Claims Administrator will review the Claim Form for compliance.  Keep a copy of your completed Claim Form for your records.  If your claim is rejected for any reason, the Claims Administrator will notify you by U.S. Mail or e-mail of the rejection and the reasons for such rejection.

## PART A – CLAIMANT INFORMATION

Claimant Name:

_____

Street Address:                                  Daytime Phone Number

_____

City, State, Zip Code:                           E-Mail Address

## PART B – LIMITED REIMBURSEMENT FOR QUALIFYING HOUSEHOLDS

You may make a claim for the following amounts for each purchase of Beck's Pilsner, Beck's Dark, Beck's Light, and/or Beck's Oktoberfest:

    a.    Six pack of 12 oz. bottles or cans: $.50 each
    b.    Four pack of 16 oz. cans: $.50 each
    c.    Twelve pack of 12 oz. bottles or cans: $1.00 each
    d.    Fifteen pack of 12 oz. bottles or cans: $1.25 each
    e.    Twenty pack of 12 oz. bottles: $1.75
    f.    Individual bottle or cans: $0.10 each

**PLEASE FILL OUT THIS CHART STATING YOUR PURCHASES**

| Type of Purchase | Number of Each Type of Product Purchased |
|---|---|
| Individual Bottles or Cans | |
| Four Pack(s) | |
| Six Pack(s) | |
| Twelve Pack(s) | |
| Twenty Pack(s) | |

## CHECK AND COMPLETE ONLY ONE OF THE FOLLOWING:

❑ **I HAVE PROOF OF PURCHASE (i.e., sales receipt(s) or invoice(s))** showing that I purchased Beck's Pilsner, Beck's Dark, Beck's Light, and/or Beck's Oktoberfest between May 1, 2011 and [Date of Preliminary Approval]. I understand that a qualifying household that submits a valid claim form and valid proof of purchase for all qualifying purchases is entitled to receive payment in the amounts above for each purchase **up to $50.00 per household**. **YOU MUST ATTACH THE PROOF OF PURCHASE WITH YOUR CLAIM FORM.**

## OR

❑ **I DO NOT HAVE ANY PROOF OF PURCHASE (i.e., a sales receipt or invoice)** showing that I purchased Beck's Pilsner, Beck's Dark, Beck's Light, and/or Beck's Oktoberfest between May 1, 2011 and [Date of Preliminary Approval]. I understand that a qualifying household that submits a valid claim form without proof of purchase is entitled to receive payment in the amounts above for each purchase **up to $12.00 per household**.

*I swear and affirm that the above is true to the best of my knowledge.*

_____    _____    _____
Signature of Claimant              Print Name                         Date

*EXHIBIT*

*B*

<u>Notice of Pendency and Proposed Settlement of Class Action</u>

# To: All individuals who purchased Beck's Pilsner, Beck's Dark, Beck's Light, and/or Beck's Oktoberfest from May 1, 2011 to the [Date of Preliminary Approval].

Your rights may be affected by the Action and the proposed settlement of the Action discussed in this court-authorized notice ("Proposed Settlement"). This Notice is to inform you of the conditional certification of a settlement class, the nature of the claims at issue, your right to participate in, or exclude yourself from, the class, and the effect of exercising your various options.

<u>**You are not being sued**</u>.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| DO NOTHING | If you do nothing, you will be bound by the settlement and its benefits, if it is approved. |
| EXCLUDE YOURSELF | Write to the Claims Administrator if you do not want to benefit from, or be bound by, this settlement. |
| OBJECT | File an objection with the Court if you are not satisfied with the settlement. |
| GO TO A HEARING | If you file an objection, you may ask for permission to speak in Court about the fairness of the settlement. |
| MAKE A CLAIM | Make a claim for benefits under the settlement. |

Your legal rights and options--**and the deadlines to exercise them**--are explained in this Notice. Your legal rights may be affected whether you act or do not act. Please read this Notice carefully. Capitalized terms in this Notice have the same meaning as provided in the Settlement Agreement on file with the Court.

**1. Why did the Court issue this notice?**

This Notice is given to inform you that (1) a class action lawsuit is pending in the United States District Court for the Southern District of Florida entitled *Francisco Rene Marty et al. v. Anheuser-Busch Companies, LLC*, Case No. 13-cv-23656 (S.D. Fla.) (the "Action"); (2) you may be a Settlement Class Member; (3) the parties have proposed to settle the Action; (4) the Proposed Settlement may affect your legal rights; and (5) you have a number of options.

**2. What is this Action about?**

Plaintiffs have brought this action against Defendant, on behalf of themselves and all other persons who, from May 1, 2011 up to and including ___[Date of Preliminary Approval]___ (the "Class Period"), purchased in the United States for consumption and not resale bottles and/or

Page **1** of **8**

cans of Beck's Pilsner, Beck's Dark, Beck's Light, and/or Beck's Oktoberfest ("Beck's Beer"). Plaintiffs have alleged that Anheuser-Bush Companies, LLC ("A-B") misrepresented to consumers that Beck's Beer is brewed in and imported from Germany. Plaintiffs alleged that Beck's Beer is in fact domestically brewed but priced as a premium imported beer. Plaintiffs maintain that Defendant's actions constitute violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.2101, New York General Business Law § 349, California Unfair Competition Law, Business and Professions Code § 17200, and California Consumer Legal Remedies Act, Civil Code § 1750. Further, Plaintiffs claim that Defendant was unjustly enriched by said conduct.

Defendant denies Plaintiffs' claims and charges, denies that it has violated any laws, and believes that its labeling, packaging, and marketing of Beck's Beer have always been truthful and not deceptive.

## 3. How do I know if I am part of the Settlement Class?

The Court has conditionally certified a Settlement Class defined as the following:

> All consumers who purchased bottles and/or cans of Beck's Beer brewed and sold by Defendant in the United States for personal, family, or household purposes and not for re-sale during the Class Period. Excluded from the Settlement Class are all persons who validly opt out of the settlement in a timely manner (for purposes of damages claims only); counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, and all of its respective employees, officers, and directors; and the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff.

## 4. What are the reasons for the Settlement?

The Court did not decide in favor of the Plaintiffs or Defendant. Instead, both sides agreed to a settlement that they believe is a fair, reasonable, and adequate compromise of their respective positions. The parties reached this agreement only after extensive negotiations, an exchange of information, and consideration of the risks and benefits of settlement.

Counsel for Plaintiffs and the Settlement Class Members have considered the substantial benefits from the Proposed Settlement that will be given to the Settlement Class Members and balanced these benefits with the risk that a trial could end in a verdict for Defendant. They also considered the value of the immediate benefit to Settlement Class Members versus the costs and delay of litigation through trial and appeals and the risk that a class would not be certified. Even if Plaintiffs were successful in these efforts, Settlement Class Members may not receive any benefits for years.

**5. What does the Settlement provide?**

**Benefits.** If the Proposed Settlement is ultimately approved by the Court, it will provide cash payments and other relief to the Settlement Class. In return for the relief described below, the Settlement Class Members release their rights to pursue any claims against Defendant and related entities concerning or relating to the allegations raised in this Action.   The central provisions of the Settlement are as follows:

1.  **Global Class Relief.**

    a.  **Injunctive Relief. As to all Beck's Beer brewed and sold in the United States by Defendant.**

        i.  For a period of no less than five (5) years, and subject to all necessary regulatory approvals by appropriate governing agencies, inclusion of either the phrase "Brewed in USA" or "Product of USA" on: a) Beck's Beer bottles substantially in the position and form recently approved by the TTB; b) Beck's Beer cans in its present position and form; c) the front and back of all Beck's Beer consumer-facing packages; and d) the "About Beck's" (http://becks.com/#/en/about/becks) page of the Beck's website. The type face, type size, position, color, and setoff of the disclosures will be agreed by the parties to be sufficient to inform a reasonable consumer of the place where Beck's is brewed while not unduly impairing A-B's marketing.

    b.  **Monetary Payment.**  Defendant will provide a cash payment to Settlement Class Members in the form of partial refunds for prior purchases of Beck's Beer.  Class Members may download and return a claim form from the settlement website, or one that is sent to them by the Claims Administrator.  The process and payment structure is as follows:

        i.  Claims Supported by Proof of Purchase: A Settlement Class Member who has valid proof of purchase of Beck's Beer will be entitled to the following refunds:

            1.  Six pack of 12 oz. bottles or cans: $.50 each
            2.  Four pack of 16 oz. cans: $.50 each
            3.  Twelve pack of 12 oz. bottles or cans: $1.00 each
            4.  Fifteen pack of 12 oz. bottles or cans: $1.25 each
            5.  Twenty pack of 12 oz. bottles: $1.75
            6.  Individual bottle or cans: $0.10 each

        Such valid proof of purchase shall consist of a sales receipt showing the Beck's Beer purchased and the date of purchase. Such reimbursement,

supported by valid proof of purchase for all qualifying purchases, shall be capped at $50.00 per Settlement Class Household.

ii.  Claims Not Supported by Proof of Purchase: A Settlement Class Member who does not have valid proof of purchase of Beck's Beer will be entitled to the following refunds without proof:

1.  Six pack of 12 oz. bottles or cans: $.50 each
2.  Four pack of 16 oz. cans: $.50 each
3.  Twelve pack of 12 oz. bottles or cans: $1.00 each
4.  Fifteen pack of 12 oz. bottles or cans: $1.25 each
5.  Twenty pack of 12 oz. bottles: $1.75
6.  Individual bottle or cans: $0.10 each

Such reimbursement, for claims not supported by proof of purchase, shall be capped at $12.00 per Settlement Class Household.

iii.  Class Members have three options to make a claim:

1.  They may print out, complete, and mail their claim form to the Claims Administrator at _____.

2.  They may print out, complete, and upload this form to the settlement website at _____.

3.  They may also make a claim using an online claim form by going to www._____.com.

**2.      Notice to the Class and Administration.**

In addition to the above relief, Defendant will also pay for the costs of Notice and to administer the settlement.

**3.      Claim Form (May be Filed Online or By Mail):**

To receive reimbursement, Class Members must complete, sign, and submit a Claim Form **ON OR BEFORE** _____, **2015.**  For some claims, proof of purchase is required.  Please review the claim form for more information.

**You may visit** www._____.com **to file your claim online or obtain a claim form by calling 1-(888) XXX-XXXX.**

You can also obtain another Claim Form by letter request, enclosing a self-addressed, stamped envelope to "Claims Administrator," c/o _____.

4.      **RELEASE.**

Unless you exclude yourself from the Settlement Class, approval of this Proposed Settlement will result in a release by you of all claims against Defendant and other related entities concerning or relating to the allegations raised in this Action.

5.      **MORE INFORMATION**

The complete terms of the settlement are in the Settlement Agreement, which is available online at www._____.com or by calling 1-(888) XXX-XXXX.

**6. Do I have a lawyer in the case?**

The Court has appointed the following counsel as Class Counsel: Kozyak Tropin & Throckmorton, LLP, Harke Clasby & Bushman LLP and Robert W. Rodriguez, P.A. You also have a right to obtain your own attorney. But, if you hire your own attorney, you will have to pay that attorney. You can ask your attorney to appear at the Fairness hearing for you if you want someone other than Class Counsel to represent you.

**7. How will the lawyers for the Settlement Class be paid?**

The Parties negotiated the payment of attorneys' fees and costs, over and above the class relief, only after reaching agreement upon all other terms of this Settlement Agreement. Moreover, the Settlement Agreement is not contingent upon the award of any particular amount of attorneys' fees and costs. Like all class action settlements, the amount of attorneys' fees and costs awarded to class counsel is left to the discretion of this Court. The Parties have agreed, however, that separate and apart from the monetary relief Defendant will provide to the Settlement Class, and subject to Court approval, Defendant will not object to a collective award of attorneys' fees and costs up to $3,500,000.00 for Class Counsel in this case. Further, Defendant has agreed to not oppose a request for Class Representative awards in the amount of $5,000.00 each.

Class Counsel will file any motion for an award of Class Counsel's Fees on or before _____, 2015.

**8. What happens if I do nothing after receiving this notice?**

If you do nothing, and the Court approves the settlement, you will be bound by the terms of the Settlement and will be unable to pursue claims against Defendant and other related entities concerning or relating to the allegations raised in this Action.

As long as you do not request exclusion from the Settlement Class, you may be entitled to the refunds described in Section 5 if you properly submit a claim form.

**You must complete and submit a Claim Form postmarked no later than _____, or your claim will not be considered and will be rejected.**

### 9. What does it mean to request exclusion from the Settlement Class?

If you come within the Settlement Class definition, you will be a Settlement Class Member and will be bound by the settlement if the Court approves it unless you exclude yourself from the Settlement Class (also known as "opting out"). Being "bound by the settlement" means that you will be precluded from bringing, or participating as a claimant in, a similar lawsuit. Persons who exclude themselves from the Settlement Class will not be bound by the terms of the Proposed Settlement for purposes of damages claims and will not be eligible to receive any refunds from the Settlement, but they will retain the right to sue Defendant for damages, at their own cost.

You cannot exclude yourself from the Settlement Class and the Proposed Settlement if you wish to object to the settlement and/or appear before the Court during the Fairness Hearing (see Sections 11 and 12), as you need to be a Settlement Class Member affected by the settlement to object or appear.

### 10. How do I request exclusion?

You may exclude yourself from the Settlement Class (for purposes of damages claims only) provided that your request is made in writing and postmarked before _____, **2015**. To exclude yourself, send a letter that includes (a) the name of the case, (b) your name, current address, telephone number, and signature, and (c) provide a clear statement communicating that you elect to be excluded from the settlement. Your written request to exclude yourself from the settlement must be sent to the "Claims Administrator," _____.

You will be excluded from the settlement only if your request is *postmarked* on or before _____, **2015**, and includes the required information. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified, shall be bound by all terms of the Proposed Settlement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

In determining whether you want to exclude yourself from the settlement, you are advised to consult your own personal attorney, as there may be issues particular to your circumstances that require consideration.

### 11. What if I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Proposed Settlement. To object, you must provide the following information in writing: (i) full name, current address, and current telephone number; (ii) documentation or attestation sufficient to establish membership in the Class; (iii) a statement of the position(s) you wish to assert, including the factual and legal grounds for the position(c); (iv) provide copies of any other documents that you wish to submit in support of your position; and (v) your objection must be signed by you.

You must file your objection before _____, **2015** with the Clerk of Court, Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128, and served at that same time upon both of the following:

(1) Class Counsel

> Thomas A. Tucker Ronzetti, Esq.
> KOZYAK, TROPIN &
> THROCKMORTON, LLP
> 2525 Ponce de Leon Blvd., 9th Floor
> Coral Gables, FL 33134

and

(2) Defendant's Counsel,

> Stanley H. Wakshlag, Esq.
> KENNY NACHWALTER, P.A
> 201 South Biscayne Boulevard, Suite 1100
> Miami, FL 33131 4327

If your objections do not meet all of the requirements set forth in this section, they will be deemed invalid and will be overruled.

Finally, subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Award, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendant's Counsel (at the addresses listed above in Section 11), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before _____, **2015**.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing.  Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

## 12. When and where will the Court determine whether to approve the settlement?

The Court has scheduled a fairness hearing for _____ at _____, in Courtroom _____ of the C. Clyde Atkins U.S Courthouse, 301 North Miami Avenue, Miami, FL 33128.  This hearing may be continued or rescheduled by the Court without further notice. At

Page **7** of **8**

this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for attorneys' fees and expenses. The Court also will consider objections. The Court may decide these issues at the Final Approval Hearing or take them under consideration. We do not know how long these decisions will take.

**13. Do I have to come to the hearing?**

No. You are not required to come to the hearing but you are welcome to come at your own expense.

Settlement Class Members who object to the Proposed Settlement do not need to attend the Final Approval Hearing for their objections to be considered. If you wish to appear either personally or through your own personal attorney at the settlement hearing, you must send both a timely objection and a Notice of Intention to Appear to the Clerk of the Court at the address set forth in Section 11 above, and serve copies on Class Counsel and counsel for Defendant at the addresses set forth in Section 11 above no later than _____, 2015.

Your Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that you or your counsel will present to the hearing. Any Settlement Class Member who does not file and serve a Notice of Intention to Appear in accordance with these instructions will be barred from speaking at any hearing concerning this Proposed Settlement.

**14. What if the proposed settlement is not approved?**

If the Proposed Settlement is not granted final approval, the putative Settlement Class which has been preliminarily approved will be decertified, this action will proceed without further notice, and none of the agreements set forth in this notice will be valid or enforceable.

**15. How do I get more information about the settlement?**

This Notice only summarizes the Proposed Settlement. The official terms of the Proposed Settlement are available by visiting the Settlement Website at www._____.com, reviewing the public files at the Clerk of Court, Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128 or by calling 1-(888) _____ and requesting a copy of the Settlement Agreement.  In the event of a conflict between the terms of this Notice and the Proposed Settlement, the terms of the Proposed Settlement will govern.

All questions you may have concerning the Settlement Agreement or this Notice should be directed to _____.

**<u>Please DO NOT Contact the Court.</u>**

*E*

*X*

*H*

*I*

*B*

*I*

*T*


*C*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 13-cv-23656-JJO

FRANCISCO RENE MARTY,
SETH GOLDMAN, and
FERNANDO MARQUET
on behalf of themselves and all others
similarly situated;

Plaintiffs,

v.

ANHEUSER-BUSCH COMPANIES, LLC;

Defendant.

_____/

**CLASS ACTION**

## FINAL ORDER AND JUDGMENT

On _____, this Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Francisco Rene Marty, Seth Goldman, and Fernando Marquet, individually and on behalf of themselves and all members of the Settlement Class,[1] and Defendant Anheuser-Busch Companies, LLC ("Defendant" or "A-B").

On _____, the Court held a duly noticed final approval hearing to consider (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors,

---

[1] Unless otherwise defined, capitalized terms in this Final Order and Judgment have the definitions found in the Settlement Agreement.

endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels in regard to those matters released as set forth in Section VI of the Settlement Agreement; and (3) whether and in what amount to approve Class Counsel's application for the requested award of attorneys' fees and costs and the Class Representative applications.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.     The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

2.     The Court finds that Class Notice was given in the manner ordered by the Court; constituted the best practicable notice to apprise Settlement Class Members of the pendency of the Action, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; was fair, reasonable, and adequate and constituted sufficient notice to all persons entitled to receive notice, including all Settlement Class Members; and complied fully with the requirements of Federal Rule of Civil Procedure 23.

3.     The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that (a) the number of Settlement

Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) Class Representatives have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) Defendant has acted on grounds generally applicable to all Class Members, thereby making final injunctive relief concerning the class as a whole appropriate; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement, which shall consist of all consumers who purchased Beck's Beer in the United States for personal, family, or household purposes and not for re-sale from May 1, 2011 through [the date of the Preliminary Approval Order]. Beck's Beer is defined as all bottles and/or cans of Beck's Pilsner, Beck's Dark, Beck's Light, and Beck's Oktoberfest beer brewed and sold in the United States by A-B. Excluded from the Settlement Class are all persons who validly opt out of the settlement in a timely manner (for purposes of damages claims only)[2]; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, and all of its respective employees, officers, and directors; and the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff.

---

[2] All "opt outs" are attached as Composite Exhibit _____.

5.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of $3,500,000.00 payable pursuant to the terms of the Settlement Agreement. The Court also awards case contribution awards in the amount of $5,000.00 each to Plaintiffs Francisco Rene Marty, Seth Goldman, and Fernando Marquet.

6.      The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on the parties, and shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

7.      The Releases, which are set forth in Section VI of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Discharged Parties (as that term is defined below in the Settlement Agreement) are forever released, relinquished, and discharged by the releasing persons from all released claims:

**VI. RELEASE**

Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the settlement benefits described in this Agreement, Plaintiffs and the Settlement Class fully release and discharge Defendant, and all its present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law,

4

statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Discharged Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the claims alleged in the Action.

8.      This Final Order and Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any released person to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.      Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

10.     This Action, including all individual claims and class claims presented herein, is hereby **DISMISSED** on the merits and **WITH PREJUDICE** against the Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**DONE AND ORDERED** in Chambers at Miami, Florida this _____ day of _____, 2015.


_____
HONORABLE JOHN J. O'SULLIVAN
United States Magistrate Judge


Copies furnished to all counsel of record

*EXHIBIT*

*D*

**IF YOU PURCHASED BECK'S PILSNER, BECK'S DARK, BECK'S LIGHT, AND/OR BECK'S OKTOBERFEST BEER FROM MAY 1, 2011 TO [Date of Preliminary Approval] YOU COULD OBTAIN CASH BENEFITS FROM A CLASS ACTION [SPANISH STATEMENT TO GO TO THE WEBSITE]**

**WHAT IS THIS LAWSUIT ABOUT?**  In this action, Plaintiffs have alleged that Anheuser-Bush Companies, LLC ("A-B") misrepresented to consumers that Beck's beer is brewed in and imported from Germany. Plaintiffs alleged that Beck's beer is in fact domestically brewed but priced as premium imported beer. Defendant denies Plaintiffs' claims and charges, denies that it has violated any laws, and believes that its labeling, packaging, and marketing of Beck's beer have always been truthful and not deceptive.  Your rights may be affected by this class action lawsuit entitled *Francisco Rene Marty et al. v. Anheuser-Busch Companies, LLC*, Case No. 13-cv-23656 (S.D. Fla.), presently pending in the United States District Court for the Southern District of Florida.  The Court has preliminarily approved a settlement agreement (the "Settlement Agreement") that provides for settlement of this lawsuit with Defendant A-B, and has scheduled a hearing on the fairness, adequacy, and reasonableness of the proposed settlement.

**WHO IS IN THE SETTLEMENT CLASS?** All persons who, from May 1, 2011 to [Date of Preliminary Approval], purchased bottles and/or cans of Beck's Pilsner, Beck's Dark, Beck's Light, and/or Beck's Oktoberfest beer in the United States for personal use and not for resale.

**WHAT ARE THE PROPOSED SETTLEMENT TERMS?**  Class Members who complete and return a valid Claim Form will be entitled to a cash payment of up to $50 per household.  Claim forms are available by going to www._____.com, or by calling (888) XXX-XXXX.  Further, Defendant has agreed to include the phrase "Brewed in USA" or "Product of USA" on the Beck's website and on all Beck's Pilsner, Beck's Dark, Beck's Light, and Beck's Oktoberfest bottles, cans, and consumer-facing packages that it produces and sells in the United States.  For more information on the settlement, including its terms and benefits, please go to the settlement website, www._____.com or call (888) XXX-XXXX.

**WHAT IS THE SETTLEMENT APPROVAL PROCEDURE?**  The Court has scheduled a fairness hearing for _____ at _____, in Courtroom _____ of the C. Clyde Atkins U.S Courthouse, 301 North Miami Avenue, Miami, FL 33128.  At the fairness hearing, the Court will consider a) whether the proposed settlement is fair, adequate, and reasonable, and b) decide Class Counsel's request for fees and costs, as well as Class Representative awards.  Although you may attend this hearing in person or through your own attorney, you are not required to do so.  If you are a member of the Settlement Class, and choose to remain in the class, you need not take any action, but must file a claim form to receive any of the cash benefits.  If you wish to exclude yourself from the settlement (for purposes of damages claims only), you may opt-out by submitting an opt-out request in writing, postmarked by _____, to the "Beck's Beer Claims Administrator", _____, _____ .  If you choose to remain in the Settlement Class and you wish to comment in opposition to the proposed settlement, an objection in appropriate form must be filed with the Clerk of Court, Southern District of Florida, 400 North Miami Avenue, 8th Floor, Miami, FL 33128 on or before _____, 2015 and served upon both of the following:  (1) Class Counsel, Thomas A. Tucker Ronzetti, Esq., KOZYAK, TROPIN & THROCKMORTON, LLP, 2525 Ponce de Leon Blvd., 9th Floor, Coral Gables, FL 33134; and (2) A-B's Counsel, Stanley H. Wakshlag, Esq. KENNY NACHWALTER, P.A, 201 South Biscayne Boulevard, Suite 1100, Miami, FL 33131 4327. Further instructions on objection and opt-out procedures may be obtained by visiting the settlement website or calling (888) XXX-XXXX.

**HOW CAN I OBTAIN ADDITIONAL INFORMATION ABOUT THE PROPOSED SETTLEMENT?**  You may obtain a copy of the Settlement Agreement and the settlement approval motions and orders by going to www._____.com or calling (888) XXX-XXXX.  All questions you may have concerning the Settlement Agreement or this Notice should be directed to Class Counsel.  Please DO NOT contact the Court.

EXHIBIT

E




EXHIBIT

F