**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-cv-23656-JJO**

FRANCISCO RENE MARTY,
SETH GOLDMAN, and
FERNANDO MARQUET
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.

ANHEUSER-BUSCH COMPANIES, LLC,

      Defendant.

_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**
**AND CERTIFICATION OF THE SETTLEMENT CLASS**

This cause is before the Court upon Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and for Certification of the Settlement Class ("Motion for Preliminary Approval") [DE 149] and the parties' Joint Notice of Filing Amended Exhibits to Settlement Agreement [DE 151] ("Joint Notice of Filing"). In accordance with Rule 23 of the Federal Rules of Civil Procedure, the Court has considered the Settlement Agreement executed on behalf of the Plaintiffs and Defendant. Upon review of the Settlement Agreement and Plaintiffs' Motion for Preliminary Approval, the Motion for Preliminary Approval, as amended by the Joint Notice of Filing, is hereby **GRANTED.**

    1.    The terms of the settlement are within the range of reasonableness and accordingly are preliminarily approved. In addition, this Court finds that certification of the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23, and

Plaintiffs fairly and adequately represent the interests of the Settlement Class. The Motion for Preliminary Approval of Settlement, as amended by the Joint Notice of Filing, is therefore **GRANTED**.

2.      For the reasons set forth below, subject to final approval, this Court hereby preliminarily certifies the following nationwide Settlement Class:

> All consumers who purchased Beck's Beer[1] in the United States for personal, family, or household purposes and not for re-sale from May 1, 2011 through the date of the entry of this order. Excluded from the Settlement Class are all persons who validly opt out of the settlement in a timely manner (for purposes of damages claims only); counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, and all of its respective employees, officers, and directors; and the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff.

3.      The Court hereby appoints the law firms of Kozyak Tropin & Throckmorton, LLP, Harke Clasby & Bushman LLP, and Robert Rodriguez, P.A. as Settlement Class Counsel.

4.      The Court finds that, for purposes of this settlement class, the class certification prerequisites set forth in Federal Rule of Civil Procedure 23(b)(3) and 23(b)(2) — numerosity, commonality, typicality, and adequacy of representation — have been met, that common issues predominate over any possible individual issues that could be raised, that Defendant has acted on grounds generally applicable to all Class Members, thereby making final injunctive relief concerning the class as a whole appropriate, and that the class action is superior to other available methods for the fair and efficient adjudication of this controversy.

5.      At the Final Approval Hearing, the Court will consider whether the terms of the Settlement Agreement are fair, reasonable, adequate, and in the best interests of the

---

[1] "Beck's Beer" means all bottles or cans of Beck's Pilsner, Beck's Dark, Beck's Light, and/or Beck's Oktoberfest brewed and sold in the United States by A-B.

Settlement Class, and whether final orders and judgments in accordance with the terms of the Settlement Agreement should be entered.

6.     The Court preliminarily finds that the Settlement Agreement (1) was reached after arm's-length negotiations before a distinguished mediator, and after substantial factual and legal analyses by the parties; and (2) provides substantial benefits to all class members, especially in light of the risks associated with this litigation.

7.     As provided in the Settlement Agreement, partial refunds shall be paid to Settlement Class Members who submit a proof of claim form in the form submitted as Exhibit 1 to the Joint Notice of Filing.

8.     The Court approves, as to form and content, the Notice submitted by the parties (Exhibits 3 and 5 to the Joint Notice of Filing) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances.  The proposed Class Notice — (i) published notice, (ii) internet notice, (iii) establishment of a settlement website, and (iv) direct mailing (along with a Claim Form) or emailing to currently available addresses that have been provided to A-B through the Beck's or A-B websites or via email or telephone by potential Beck's Beer consumers — is reasonably calculated to reach a substantial percentage, if not all, of the Class Members.  Defendant shall commence to disseminate the Class Notice within thirty days of the date this Order is entered.

9.     Defendant shall also serve notice pursuant to the Class Action Fairness Act on or before June 29, 2015. *See* 28 USC § 1715(b).

10.     Defendant shall bear all costs related to the Notices and publication.  Prior to the Final Approval Hearing, Defendant shall file proof, by affidavit, of the Notice and

publication.  Defendant shall also bear all costs to comply with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

11.     Class Members will have up to **September 29, 2015** to opt out of the Settlement for purposes of damages claims only.  To opt out, a Class Member must request to do so in writing and mail such request to the Claims Administrator (Kurtzman Carson Consultants, LLC) at *Marty v. Anheuser Busch Companies, LLC* Administrator, P.O. Box 43368, Providence, RI 02940-3368.  Any request to opt out ***must*** include the following information: (1) the name of the case; (2) the complete legal name of the Class Member who wishes to be excluded; (3) the mailing address of the Class Member; (4) a statement that the Class Member wishes to be excluded from the Settlement; and (5) the Class Member's (or authorized representative's) signature or, if the person (or authorized representative) is unable to sign, his/her/its legal representative or guardian's name and signature.

12.     A Class Member who does not properly and timely exclude himself, herself, or itself from the Settlement Class will be bound by the Settlement Agreement and the Releases, as provided for therein, and by any judgments in this action.

13.     To object to the Settlement, a Class Member must do so in writing no later than **September 29, 2015**. The objection ***must*** contain (1) the full name, mailing address, e-mail address, if any, and telephone number of the objecting Class Member; (2) documentation and/or attestation by sworn statement sufficient to establish the objector's membership in the Class; (3) a statement specifying all grounds for the objection, accompanied by any legal support for the objection; (4) copies of any other documents upon which the objection is based; and (5) the signature of the objecting Class Member.

14.     Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Class Representative Award, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendant's Counsel (at the addresses listed below in paragraph 15), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") no later than **September 29, 2015**.

15.     The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or their counsel) will present to the Court in connection with the Final Approval Hearing.  Any Class Member who does not provide a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Class Notice will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

16.     Any objection must be mailed to Settlement Class Counsel Thomas A. Tucker Ronzetti, Esq. (at Kozyak Tropin & Throckmorton, LLP, 2525 Ponce de Leon Blvd., 9th Floor, Coral Gables, Florida 33134), with a copy to Defendant's counsel Stanley H. Wakshlag, Esq. (at Kenny Nachwalter, P.A, 201 South Biscayne Boulevard, Suite1100, Miami, FL 33131 4327).  The objection must be postmarked by no later than **September 29, 2015**. Settlement Class Counsel shall be obliged to file all responses to objections with the Court on or before **October 15, 2015**.

17.     Subject to the terms for objections set forth above and in the Settlement Agreement and Notice, a Settlement Class Member may appear at the Final Approval Hearing

to show cause on the issue of whether any of the terms of the settlement should be approved as fair, reasonable and adequate, or whether judgment should be entered upon them.

18. Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the settlement.

19. Class Counsel shall file their Motion for Attorneys' Fees and Expenses no later than **September 15, 2015**.

20. The Final Approval Hearing will be held before this Court on **October 20, 2015 at 2:00 p.m.** at the C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, 5th Floor, Miami, Florida 33128 to consider the fairness, reasonableness and adequacy of the proposed settlement and to determine whether the settlement should be finally approved.

21. The Court retains jurisdiction of this action for all purposes.

DONE AND ORDERED this 23 day of June, 2015, in Miami, Florida.

_____
HONORABLE JOHN J. O'SULLIVAN
United States Magistrate Judge