UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-23656-JJO

FRANCISCO RENE MARTY, SETH GOLDMAN,
and FERNANDO MARQUET on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

ANHEUSER-BUSCH COMPANIES, LLC,

    Defendant.

_____/

**OBJECTION TO THE CLASS ACTION SETTLEMENT
ON BEHALF OF OBJECTOR ROSS MULLER**

<u>Attestation of Ross Muller:</u>

I, Ross Muller, hereby declare my name is Ross Muller and my contact information is 2140 Reef Drive, St. Augustine, FL 32080 and 949-357-3132. On several occasions from May 1, 2011 up to and including June 23, 2015 I have purchased in the United States for consumption and not resale bottles and cans of "Beck's Beer" as defined in the Class Notice. I have read the Class Notice and find the settlement unfair as follows:

<u>INADEQUATE CLAIMS PROCESS</u>

Claimants should be permitted to recover for purchases with and without proof. Currently, the Claim Form limits Claimant recovery to either claim with or without proof. Claimants are permitted to submit one claim form only. As a result, a class member with proof of purchase cannot recover for purchases made without proof (and vice versa),

which denies valid Claimants from recovering class benefits. Claimants should be permitted to recover benefits for purchases with and without proof, up to the maximum of $62 ($12 plus $50).

## EXCESSIVE FEE AWARD

This is not a common fund settlement and Class Counsel has not supported its fee request. Class Counsel claims that its fee award represents only 10.9% to 15.3% of the monetary recovery to the Class; however, there is no common settlement fund and there is no guaranteed amount that Defendant will pay out. Class Counsel relies on its expert that the settlement is valued at $20,463,870 to $28,885,42, which assumes every class member under the sun will submit a valid claim for relief. As of September 15, only 43,400 claims have been submitted. Even if a percentage of fund analysis was applicable, which it is not, Class Counsel's fee request is closer to 200-300% of the likely payouts, an unfair and unreasonable percentage that exceeds this court's common fund benchmark of 20%-30%. In a claims-made settlement, such as this settlement, the proper analysis for a fee award in the 11th circuit is a lodestar analysis (see *Camden I Condominium Association, Inc. v. B. Dunkle*, 946 F.2d 768, 772 (11th Cir. 1991) citing *Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988)). The starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate. Class Counsel bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Class Counsel has not produced such evidence and the Court should not award any fees until it has reviewed such evidence and the Class has an opportunity to respond. Class Counsel is deceiving both the Class and the Court by masking this Settlement as a common fund case. The Court

should limit Class Counsel's fee award to its lodestar and the Court should not award any fee until Class Counsel meets its burden of proof.

A 2.2 multiplier is not supported. While this was a protracted case, it was not complex. In fact, Class Counsel completed a nearly identical class action against Defendant relating its Kirin beer product. Further, Class Counsel lauds the injunctive relief; yet, Class Counsel does not even attempt to value the injunctive relief, which is unreasonable and unfair to the Class. How can the Class evaluate settlement fairness and the adequacy of the relief if Class Counsel hasn't even given thought to the value of the injunctive relief to the Class? Moreover, the injunctive relief is limited to 5 years. Defendant is permitted to engage in similar deceptive practices and cause future harm to both class members and the public. Finally, out of the millions of potential class members, only 43,400 class members have submitted claims. A fee multiplier would have been appropriate if Class Counsel advocated for recovery mechanisms that would have distributed more benefits to more class members, such as the mechanism advocated above.

The Court also should deduct hours expended to complete and file the class certification motion and motions in limine. The class certification motion and motions in limine were completed and filed after settlement. Work performed after settlement should be excluded or, at a minimum, discounted.

Finally, it is unclear why Class Counsel has not posted its fee motion to the Settlement Website. In terms of evaluating settlement fairness, the Website contains the most important documents for the Class to review. Certainly the fee request is just as important as the other documents posted to the Website. In fact, Rule 23(h) requires the Class to make its fee motion available to the Class prior to the objection deadline.

Simply filing the motion with the court is insufficient to satisfy Rule 23(h). The fee motion contains Class Counsel's justification for both the settlement and its fee request. The Class should not be forced to request a copy from either the Clerk or Class Counsel. The Court should extend the objection deadline, require Class Counsel to produce evidence to support its fee request, and require Class Counsel to post its revised fee request to the Settlement Website for the Class and the public to review.

## EXCESSIVE INCENTIVE AWARDS

The incentive awards are unsupported and are, therefore, unreasonable and unfair to the Class. Class Counsel does not explain why the requested incentive awards are justified. Class Counsel merely cites other cases where similar incentive payments were awarded. How much work did those other plaintiffs perform? What favorable results did those plaintiffs achieve for their respective classes? What risks did those plaintiffs face? The same questions apply here. In essence, Class Counsel is arguing that the incentive payments should be awarded as a matter of routine. However, named plaintiffs may be tempted to accept suboptimal settlements if Courts begin to routinely award thousands of dollars in awards in exchange for minimal participation. The requested incentive awards are 100 times greater than the highest class member payout, which is unfair and unreasonable without any further justification. The Court should reject the incentive award request and require Class Counsel to submit evidence to support such a premium.

## IRRELEVANT ARGUMENT TO SUPPORT FAIRNESS

The absence of opt-outs or objections does not equal Class support or settlement fairness. Class Counsel certainly would not argue that the absence of Claimants meant that notice was inadequate or that the claims process was unfair. The

absence of opt-outs or objections has no bearing on Class support or settlement fairness. For many class members, the class relief may not justify either the effort or resources to either complete and submit a claim, or to submit a written objection. Class Counsel points to a state court's final approval decision in Kirin that denied multiple objections. Those objections were, in part, incorrectly rejected by the state court on the basis that the objectors filed claims and therefore forfeited their objection rights. Filing a claim does not forfeit objection rights. The purpose of objecting is to improve the settlement and obtain greater or more advantageous relief for the Class and Claimants. One objector, like one class representative, is sufficient to represent the interests of the Class. The Court should not mistake silence for acquiescence.

By: _____
Ross Muller, Objector

Dated: September 29, 2015
       Miami, Florida

                              Respectfully submitted,

By: /s/ Stephen Field
STEPHEN D. FIELD, ESQ.
Florida Bar No. 554111
e-mail: steve@field-law.com
STEPHEN D. FIELD, P.A.
102 East 49th Street
Hialeah, Florida 33013
Telephone: (305) 698-3421
Direct Line: (305)798-1335
Facsimile: (305) 698-1930
*Counsel for Objector – Ross Muller*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 29, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY: /s/ Stephen Field

## SERVICE LIST - CASE NO. 13-cv-23656-JJO

Lance A. Harke, Esq.
lharke@harkeclasby.com
Sarah Clasby Engel, Esq.
sengel@harkeclasby.com
Howard M. Bushman, Esq.
hbushman@harkeclasby.com
**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, Florida 33138
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

Robert W. Rodriguez, Esq.
RobertWRodriguez@GMail.Com
**ROBERT W. RODRIGUEZ, P.A.**
66 West Flagler Street, Suite 1002
Miami, Florida 33130
Telephone: (305) 444-1446
Facsimile: (305) 907-5244

Thomas A. Tucker Ronzetti, Esq.
tr@kttlaw.com
Adam M. Moskowitz, Esq.
amm@kttlaw.com
Tal J. Lifshitz, Esq.
tjl@kttlaw.com
**KOZYAK, TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
*Counsel for Plaintiffs*

John Campbell, Esq.
John@campbelllawllc.com
CAMPBELL LAW, LLC
1500 Washington Avenue, Suite 100
St. Louis, MO 63103
(314) 588-8101
*Counsel for Plaintiff*

David O. Pehlke, Esq.
david.pehlke@skadden.com
Brandon R. Keel, Esq.
Brandon.keel@skadden.com
**Skadden, Arps, Slate, Meagher & Flom, LLP**
155 N. Wacker Drive
Chicago, Illinois 60606
Phone: (312) 407-0700
Fax: (312) 407-0411
*Attorneys for Defendant Anheuser-Busch Companies, LLC*

Stanley H. Wakshlag, Esq.
swakshlag@knpa.com
**Kenny Nachwalter, P.A.**
201 S. Biscayne Blvd, Suite 1100
Miami, Florida 33131
Phone: (305) 373-1000
Fax: (305) 372-1861
*Attorneys for Defendant Anheuser-Busch Companies, LLC*