UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-23656-JJO

[CONSENT]

FRANCISCO RENE MARTY,
SETH GOLDMAN, and
FERNANDO MARQUET
on behalf of themselves and all others
similarly situated;

Plaintiffs,

v.                                                                                      CLASS ACTION

ANHEUSER-BUSCH COMPANIES, LLC;

Defendant.
_____/

## ORDER OVERRULING OBJECTIONS

On June 23, 2015, this Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Francisco Rene Marty, Seth Goldman, and Fernando Marquet, individually and on behalf of themselves and all members of the Settlement Class,[1] and Defendant Anheuser-Busch Companies, LLC ("Defendant" or "A-B").

On October 20, 2015, the Court held a duly noticed final approval hearing to consider (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers,

---

[1] Unless otherwise defined, capitalized terms in this Order Overruling Objections have the definitions found in the Settlement Agreement.

consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels in regard to those matters released as set forth in Section VI of the Settlement Agreement; and (3) whether and in what amount to approve Class Counsel's application for the requested award of attorneys' fees and costs and the Class Representative applications.

These issues are addressed in the Court's Final Order and Judgment, entered contemporaneously with this Order. This Order is concerned with whether the two objections raised to the Settlement — which the Court also considered at the October 20, 2015 final approval hearing — should be sustained or overruled.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Court considers the reaction of the class to the proposed settlement to be an important indicator as to its reasonableness and fairness. Of the approximately 1.7 million class members nationwide who received notice of the Settlement, there were only five opt outs and two objections raised: one by Abner Leps; and one by Florida attorney Stephen D. Field and his client Ross Muller. The Court finds this fact to be overwhelming support for the settlement and clear evidence of its reasonableness and fairness. *See Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1381 (S.D. Fla. 2007) ("A low percentage of objections demonstrates the reasonableness of a settlement.").

2. The Court carefully reviewed the argument and position set forth in Mr. Muller's written objection at the Final Fairness Hearing, specifically addressed the objections raised by Mr. Muller, and rejected them. Mr. Muller did not attend the Final Fairness Hearing.

3. Mr. Muller's objection relates to his belief that the Settlement provides inadequate relief and calls for an excessive fee request and excessive class representative

award. This objection, however, does not compel this Court to find that the Settlement was not fair, reasonable, or adequate. *See Poertner v. Gillette Co.*, 14-13882, 2015 WL 4310896, at *4 (11th Cir. Jul. 16, 2015) (affirming final approval of class action settlement with $6.00 recovery cap for claimants with no proof of purchase); *Lee v. Ocwen Loan Servicing, LLC*, 14-CV-60649, 2015 WL 5449813, at *17 (S.D. Fla. Sept. 14, 2015) (rejecting objector's argument that settlement could have been improved through direct payments and noting that an objector "must do more than just argue that she would have preferred a different settlement structure"). Nor does Mr. Muller's objection take into account the inherent risks associated with complex litigation such as this and the possibility that A-B may have ultimately prevailed in this case. As such, Mr. Muller's objection is **overruled** in its entirety.

        4.    Mr. Muller's objection to the proposed fee award on the grounds that the "percentage of the fund" approach is inapplicable to a "claims-made settlement" is rejected. In *Poertner*, 2015 WL 4310896, the Eleventh Circuit approved a claims-made class action settlement based upon the deceptive labeling of a consumer product (batteries). *Id.* at *1, *4. In approving the requested attorneys' fees, the Court used the percentage-of-the-fund analysis, and specifically noted that "no principled reason counsels against" applying *Camden I*'s[2] "percentage-of-recovery rule to claims-made settlements."[3] *Id.* at *4 n.2. The *Poertner* decision is consistent with numerous other decisions from this district that use the percentage-of-the-fund approach to evaluate the appropriateness of attorneys' fees in a claims-made class

---

[2] *Camden I Condominium Association, Inc. v. B. Dunkle*, 946 F. 2d 768, 772 (11th Cir. 1991) (hereinafter "*Camden I*").

[3] The Eleventh Circuit explained that "properly understood, a claims-made settlement is . . . the functional equivalent of a common fund settlement where the unclaimed funds revert to the defendant, indeed; the two types of settlements are fully synonymous." *Poertner*, 2015 WL 4310896, at *4 n.2 (citation and quotation marks omitted).

action settlement like this one. *See, e.g., Saccoccio*, 297 F.R.D. at 694–95; *Hall v. Bank of Am., N.A.*, 1:12-CV-22700-FAM, 2014 WL 7184039, at *8–*9 (S.D. Fla. Dec. 17, 2014); *Hamilton v. SunTrust Mortg. Inc.*, 13-60749-CIV, 2014 WL 5419507, at *7 (S.D. Fla. Oct. 24, 2014); *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1339 (S.D. Fla. Feb. 16, 2007); *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1328 (S.D. Fla. 2001). The "percentage-of-the-fund" analysis applies here.

5. Mr. Muller further claims that the proposed fee award is too large when compared to the actual pay out to class members who make claims. A similar objection was recently rejected by the Eleventh Circuit in *Poertner* because it was "based on [a] flawed valuation of the settlement pie[,] limiting the monetary value to the amount of [Defendant's] actual payouts," while excluding the value of the injunctive and other negotiated relief. *See* 2015 WL 4310896, at *6. The Court rejects this objection on the same grounds.

6. The Court further rejects Mr. Muller's objection that Class Counsel has not produced evidence sufficient to support a lodestar analysis. *See* Muller Objection at 2. In the Eleventh Circuit, a lodestar analysis may be used as a "cross-check" to the percentage-of-the-fund analysis. *See, e.g., Pinto*, 513 F. Supp. 2d at 1343. But use of the lodestar cross-check is not mandatory. *See In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1362–63 (S.D. Fla. 2011) (declining to perform lodestar cross-check because *Camden I* "mandated the exclusive use of the percentage approach in common fund cases" and noting "courts in this Circuit regularly award fees . . . without discussing lodestar at all.") (internal quotations marks, brackets and emphasis omitted); *see also Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1298 (11th Cir. 1999) ("while we have decided in this circuit that a lodestar calculation is not proper in common fund cases, we may refer to that figure for comparison.").

Moreover, Class Counsel provided detailed evidence of the number of hours expended, the hourly rates for the various timekeepers, the prevailing market rates, and all of the lodestar factors. (Exhibit 1 to Plaintiffs' Motion for Final Approval [D.E. 157] — Ronzetti Decl. and Composite Exhibit 1 thereto).

7. Mr. Muller's argument that the injunctive relief secured by the Settlement should be given no weight when considering Class Counsel's fee is similarly rejected. Under Eleventh Circuit law, injunctive changes such as label modifications represent a benefit to the class and should be considered when approving a class settlement. *See Poertner*, 2015 WL 4310896, at *5, *6 (trial court properly concluded that "class received substantial benefit" from label change that removed allegedly misleading statement from battery label and non-monetary relief was properly considered in evaluating attorneys' fees); *see also Lee*, 2015 WL 5449813, at *26 (considering value of injunctive relief when approving class counsel's fee request, even though no specific dollar amount was attributed to injunctive change and noting "courts consider the value of injunctive relief and monetary relief together in assessing whether a class action settlement provides sufficient relief to the class."). Moreover, the five-year length of the injunctive relief is adequate and reasonable, and protects consumers from future harm. *See Hall v. Bank of America, N.A.*, Case No. 12-cv-22700, DE# 403-1 at 21 (S.D. Fla); *Fladell v. Wells Fargo Bank, N.A.*, Case No. 13-cv-60721, DE# 158-1 at 22-24 (S.D. Fla); *Hamilton v. SunTrust Mortgage*, Case No. 13-cv-60749, DE# 158-1 at 20-22 (S.D. Fla.).

8. Finally, the Court rejects Mr. Muller's objection to the extent it suggests that Class Counsel did not post its fee motion to the Settlement Website, and that the requested Class Representative awards of $5,000.00 are excessive. First, Class Counsel's fee motion has

been posted on the Settlement Website since September 22, 2015, before Mr. Muller filed his objection and before the September 29, 2015 objection deadline. Further, Rule 23(h) does not require a fee motion to be posted on the settlement website before the objection deadline. Second, the $5,000.00 service award is reasonable and well-supported, and should be approved. *See Saccoccio*, 297 F.R.D. at 695 (approving $5,000.00 representative service award and noting that courts find it appropriate to reward class plaintiffs who act as private attorneys general); *Lee*, 2015 WL 5449813, at *26 (approving $5,000.00 class representative service award); *Hamilton*, 2014 WL 5419507, at *8 (same).

9. The Court also carefully reviewed the argument and position set forth in Mr. Leps' written objection at the Final Fairness Hearing, specifically addressed the objections raised by Mr. Leps, and rejected them. Mr. Leps did not attend the Final Fairness Hearing.

10. Mr. Leps' objection relates to his belief that the Settlement provides inadequate relief and calls for an excessive fee request. This objection does not compel this Court to find that the Settlement was not fair, reasonable, or adequate for the reasons set forth in paragraphs 3-7, *supra*. Nor does Mr. Leps' objection take into account the inherent risks associated with complex litigation such as this and the possibility that A-B may have ultimately prevailed in this case. As such, Mr. Leps' objection is **overruled** in its entirety.

11. Mr. Leps' objection further states: "It is also disturbing that Anheuser-Busch has agreed not to challenge a fee of up to $3,500,000.00." Leps Objection at 2. Courts in this circuit have referred to settlement provisions where defendants agree not to object to class counsel's fee request as long as it does not exceed an agreed upon amount as "clear-sailing" provisions. In *Poertner*, 2015 WL 4310896, at *6, the Eleventh Circuit addressed an objector's self-dealing contention which included a "clear-sailing" provision and found that

the objector's "self-dealing contention [wa]s belied by the record" where "the parties settled only after engaging in extensive arms-length negotiations moderated by an experienced, court-appointed mediator." Here, the settlement occurred only after extensive arms' length negotiations overseen by an experienced court-appointed mediator, there is absolutely no evidence of collusion, and the parties negotiated attorneys' fees only after negotiating relief to the Class. *See id.*; *Lee,* 2015 WL 5449813, at *12 (finding "clear-sailing provision to be immaterial" where there was no evidence of collusion among the settling parties and fees were negotiated only after all other terms were agreed upon); *Fladell v. Wells Fargo Bank, N.A.*, No. 0:13–cv–60721, 2014 WL 5488167, at *4 (S.D. Fla. Oct. 29, 2014) ("[A]lthough the Settlement Agreement includes a 'clear-sailing' provision, that is immaterial. There was no collusion in the settlement negotiations and the Parties began negotiations regarding attorneys' fees only after finishing negotiating the Settlement itself.").

12. The Court further rejects Mr. Leps' objection to the extent he asserts that the Court should not grant final approval before the claims rate is known. "District courts often grant final approval of class action settlements before the final claims deadline." *Lee,* 2015 WL 5449813, at *22–*23 (collecting cases, rejecting same argument by objector, and granting final approval where final claims rate was unknown) (quoting *Hamilton,* 2014 WL 5419507); *see also Saccoccio,* 297 F.R.D. at 696 (overruling same objection because courts in this district have upheld settlements before claims deadline had passed); *Perez,* 501 F. Supp. 2d at 1383 (court need not wait for final claims data to approve).

13. Class Counsel submitted evidence and argued at the Final Fairness Hearing that Mr. Leps' objection appears to be ghost written by a professional objector attorney, pointing to the fact that the objection was mailed from a different state than the state in which

Mr. Leps resides, his October 13, 2015 letter to the Court was also mailed from a different state, he paid approximately $60.00 to mail his objection *via* USPS Express mail (well exceeding the value of his claim). Although this may constitute indicia that the objection is ghost written, the Court need not rely upon that ground in overruling the objection and overrules the objection on its merits for the reasons stated herein.

**DONE AND ORDERED** in Chambers at Miami, Florida this 22 day of October, 2015.

HONORABLE JOHN J. O'SULLIVAN
United States Magistrate Judge

Copies furnished to all counsel of record