UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-23656-JJO
[CONSENT]

FRANCISCO RENE MARTY,
SETH GOLDMAN, and
FERNANDO MARQUET
on behalf of themselves and all others
similarly situated;

Plaintiffs,

CLASS ACTION

v.

ANHEUSER-BUSCH COMPANIES, LLC;

Defendant.
_____/

## FINAL ORDER AND JUDGMENT

On June 23, 2015, this Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Francisco Rene Marty, Seth Goldman, and Fernando Marquet, individually and on behalf of themselves and all members of the Settlement Class,[1] and Defendant Anheuser-Busch Companies, LLC ("Defendant" or "A-B").

On October 20, 2015, the Court held a duly noticed final approval hearing to consider (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the

---

[1] Unless otherwise defined, capitalized terms in this Final Order and Judgment have the definitions found in the Settlement Agreement.

production/distribution channels in regard to those matters released as set forth in Section VI of the Settlement Agreement; and (3) whether and in what amount to approve Class Counsel's application for the requested award of attorneys' fees and costs and the Class Representative applications.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose for five (5) years and one month from the date of this Order.

2. The Court finds that Class Notice was given in the manner ordered by the Court; constituted the best practicable notice to apprise Settlement Class Members of the pendency of the Action, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; was fair, reasonable, and adequate and constituted sufficient notice to all persons entitled to receive notice, including all Settlement Class Members; and complied fully with the requirements of Federal Rule of Civil Procedure 23.

3. The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there

are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) Class Representatives have fairly and adequately represented the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) Defendant has acted on grounds generally applicable to all Class Members, thereby making final injunctive relief concerning the class as a whole appropriate; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

    4.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement, which shall consist of all consumers who purchased Beck's Beer in the United States for personal, family, or household purposes and not for re-sale from May 1, 2011 through June 23, 2015. Beck's Beer is defined as all bottles and/or cans of Beck's Pilsner, Beck's Dark, Beck's Light, and Beck's Oktoberfest beer brewed and sold in the United States by A-B. Excluded from the Settlement Class are all persons who validly opt out of the settlement in a timely manner (for purposes of damages claims only)[2]; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, and all of its respective employees,

---

[2] All "opt outs" are identified below:
- Ashley L. Greer;
- Mardelle Grimm;
- Marlin Haedrick;
- Matt Killough; and
- Marianne Tappe.

officers, and directors; and the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff.

5. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of $3,500,000.00 payable pursuant to the terms of the Settlement Agreement. The Court also awards case contribution awards in the amount of $5,000.00 each to Plaintiffs Francisco Rene Marty, Seth Goldman, and Fernando Marquet.

6. The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on the parties, and shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

7. The Releases, which are set forth in Section VI of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Discharged Parties (as that term is defined below in the Settlement Agreement) are forever released, relinquished, and discharged by the releasing persons from all released claims:

> **VI. RELEASE**
>
> Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the settlement benefits described in this Agreement, Plaintiffs and the Settlement Class fully release and discharge Defendant, and all its present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any kind or

nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Discharged Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the claims alleged in the Action.

8. This Final Order and Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any released person to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

10. This Action, including all individual claims and class claims presented herein, is hereby **DISMISSED** on the merits and **WITH PREJUDICE** against the Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**DONE AND ORDERED** in Chambers at Miami, Florida this 22 day of Oct, 2015.

---
HONORABLE JOHN J. O'SULLIVAN
United States Magistrate Judge

Copies furnished to all counsel of record