UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-23656-JJO
[CONSENT]

FRANCISCO RENE MARTY, SETH GOLDMAN,
and FERNANDO MARQUET on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

ANHEUSER-BUSCH COMPANIES, LLC,

    Defendant.
_____/

**OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
AGAINST OBJECTOR MULLER'S COUNSEL STEPHEN FIELD**

    Class Member/Objector, Ross Muller ("Objector") and his counsel, Stephen D. Field, oppose Plaintiffs' Motion for Sanctions [D.E. 174] and in support state:

    Mr. Field has fulfilled his duty as at attorney and represented his client's interests in this class action lawsuit. He filed an objection on behalf of his client, which his client has every right to do. To accuse Mr. Field of "multipl[ying] the proceedings in any case unreasonably and vexatiously" when he has filed *one* document is an outrageous and untenable accusation. 28 U.S.C.A. § 1927 (West).

    The deposition [D.E. 174-1] shows that the Objector sought Mr. Field's help in objecting to the lawsuit. Tr. 32.  Mr. Field wrote an objection, had his client review and sign it, and filed it with the Court. Tr. 25.  Mr. Field did nothing wrong, and certainly did not do anything to warrant sanctions. Objector is not required to have legal knowledge about the ways that the settlement was deficient. Objector is not required to remember

the details or even the basis of his objection. Objector will be bound by the settlement and he has a right to hire an attorney to assist him in objecting to it. *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002).

This Motion for Sanctions is nothing more than gamesmanship and serves as a tactical move on the part of class counsel. Class counsel's attack on Objectors' attorney and the unfounded allegations about his motives suggest that the purpose of this motion may not be obtaining attorney's fees but intimidating Objector from exercising his appellate rights. This Motion for Sanctions also may be an attempt to prejudice this Court and other courts to reject any future objections and prejudicially influence the 11th Circuit to look unfavorably on the future briefing in this case.

## Background

Plaintiffs have entered into a settlement agreement against Defendant Anheuser-Busch Companies, LLC ("A-B"), on behalf of themselves and all other persons who, from May 1, 2011 up to and including June 23, 2015, purchased in the United States for consumption and not resale bottles and/or cans of Beck's Pilsner, Beck's Dark, Beck's Light, and/or Beck's Oktoberfest ("Beck's Beer"). Plaintiffs have alleged that A-B misrepresented to consumers that Beck's Beer is brewed in and imported from Germany. Plaintiffs alleged that Beck's Beer is in fact domestically brewed but priced as a premium imported beer. Plaintiffs maintain that Defendant's actions constitute violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.2101, New York General Business Law § 349, California Unfair Competition Law, Business and Professions Code § 17200, and California Consumer Legal Remedies Act, Civil Code § 1750. Further, Plaintiffs claim that Defendant was unjustly enriched by said conduct.

The settlement agreement has provisions for injunctive relief and monetary payment for class members who submit a valid claim form. The injunctive relief requires Beck's Beer to include a particular phrase of either the phrase "Brewed in USA" or "Product of USA" on the product and on the website for a period of five years.

The monetary payment of class members is controlled by a specific payment structure. If class members do not have a receipt, they would be capped at $12.00 per Settlement Class Household. If they do have a receipt, they would be capped at $50.00 per Settlement Class Household. If class members have some receipts but not all of their receipts for Beck's Beer, they would have to choose which payment structure they would apply for. They would not be able to submit a claim for both claim structures, even if they qualify for both claims.

On June 23, 2015, the Court preliminarily approved the terms of the Settlement Agreement and certified the proposed Settlement Class. On September 29, 2015, Mr. Field filed an objection for his client. On October 20, 2015, the Court held a final approval hearing and on October 22, 2015, the Court granted final approval of the terms of the Settlement Agreement and signed the Final Order and Judgment.

On October 23, 2015, one day after final judgment, class counsel took the deposition of Ross Muller. They extensively questioned him about his one prior objection in a class action lawsuit as well as his knowledge of the current class action. Mr. Muller answered every question to the best of his ability. If he did not know or remember the details, he said as such.  He was upfront about his memory stating, "I don't have a very good memory."  Tr. at 7.

In his deposition, Mr. Muller told class counsel how he contacted Mr. Field to represent him as an objector in this class action.  Tr. at 32. He stated why he wanted to

object to the settlement and how he thought the settlement was not enough and the quality of the brand was not what it used to be.  Tr. at 30.

At the end of the deposition, class counsel engaged in conduct that could be described as threatening. They asked Mr. Muller if he had ever seen a motion for sanctions against him and his attorney and they told him that he could be ordered to pay fees and costs.  Tr. at 43-44. They also questioned him about his knowledge of an appeal bond and told him that he could be ordered to pay costs if unsuccessful. Tr. at 44.

## Argument

Mr. Field has filed one objection with the Court. One objection. Even if it was the worst objection the Court has ever seen, it would still not give rise to ordering sanctions on the attorney who filed it. Class counsel has asked for sanctions based on 28 U.S.C.A. § 1927 (West).

> Section 1927 provides,
> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Mr. Field could not have possibly "multiplied the proceedings" by filing one objection. To be liable under section 1927, counsel must have engaged in "serious and studied disregard for the orderly process of justice." *Overnite Transportation Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789, 795 (7th Cir.1983). At present, Mr. Field's only "mistake" is having a client who is not good at remembering details about the class action settlement. If Objector could have articulated details about the settlement, then this motion for sanctions could not have been written.

Class counsel's main argument is that if the Objector does not have great knowledge of the class action lawsuit and the settlement agreement, then the Objector's attorney must be filing the objection in bad faith. But they have absolutely no evidence that it was filed in bad faith. To the contrary, there is evidence that Objector is unhappy with the conduct of the defendants over the quality of the beer and feels that the settlement is lacking in some way, and therefore decided to file an objection.  Tr. 19-20, 27. As Objector does not have the legal background to understand the class settlement, he did the sensible thing and contacted an attorney, Mr. Field.

Objector is under no obligation to remember the facts and details of every legal proceeding that he has ever been involved with. Class counsel wants the Court to believe that because Objector cannot remember the details of the class action and settlement, then his objection must be frivolous and it was filed in bad faith. But Mr. Muller told class counsel that he has a bed memory. This bad memory should not be held against him or his attorney. Clients routinely do not have a good grasp of the legal details of their case.

Representing someone who wants to object to a lawsuit is not grounds for sanctions. Mr. Field, as the attorney, was responsible for finding the legal grounds on which Mr. Muller can stand. Mr. Field did exactly what his client wanted him to do. He created an objection that advised the Court that there were some areas in the settlement agreement that could use improvement.

Though the Court did not accept Objector's arguments, it does not make them without legal or factual basis. "Where, as here, counsel's alleged misconduct was the filing and arguing of a claim, it is not sufficient that the claim be found meritless; the claim must be without a plausible legal or factual basis and lacking in justification."

*Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226-27 (7th Cir. 1984). Here, the objection laid out several points about the settlement including the claims process and the excessive fee and incentive awards. There was a legal and factual basis in the objection.

Though the Court ultimately rejected the arguments in the objection, the objection provided an additional perspective and pointed out the weak points of the settlement. "Objectors provide a critically valuable service of providing knowledge from a different point of view [from that of the settling parties.]" *Lane v. Facebook, Inc.*, 696 F.3d 811, 830 (9th Cir. 2012) (Kleinfield, J., dissenting); *see also Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (Posner, J.) ("It is desirable to have as broad a range of participants in the fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally.").

Class counsel claims that Mr. Field hope to make "no changes to this settlement, just delay this settlement so that they will be paid to dismiss their objection and inevitable appeal." (See Plaintiffs' Motion for Sanctions, p. 6). On the contrary, Mr. Field hopes to make the settlement better for all class members. Mr. Field could have written a few generic sentences and called it good. Instead, he took the time to analyze the settlement and find specific areas in which it could be improved.

And even if Mr. Field's motive for filing the objective was solely to make money (which it is not), this behavior should not be something that class counsel complains about. Class counsel is in the business of suing companies in hopes that they will make money. They would not sue companies unless there was a financial incentive for them. They file a complaint and hope to ultimately get paid for their efforts. If a court dismisses their complaint, then they do not get slapped with a motion for sanctions.

If plaintiff class action attorneys are needed to prevent and hold companies accountable from taking advantage of consumers, so are objectors needed to help prevent and hold class action attorneys from taking advantage of the unsuspecting class members. It is ironic that class counsel complains that objectors try to make money from a class action when that is precisely what the class action attorneys are also trying to do. Mr. Field filed one objection to the settlement and he hopes that the Court will accept his objection. He, along with Objector, have worked to ultimately improve the settlement for class members. There is nothing inherently wrong with an attorney hoping to get paid for his work, whether it is by settlement or the Court awards him an attorney's fee. Every attorney in the country hopes to get paid for his or her work. Mr. Field has done nothing worthy of sanctions. This Motion for Sanctions should be denied.

Objector believes the real purpose of this Motion for Sanctions is to discourage Objector from appealing. Class counsel hopes that the threat of sanctions, combined with their promise of seeking an appeal bond (as indicated in their deposition of Objector) will convince Objector to drop the objection.  Tr. 43 and 44.  "[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974).

They are also hoping that this Motion for Sanctions will sway the Court and the appellate court into believing that Objector's intentions are improper thus making them more likely to rule against Objector.  This Court should deny the Motion for Sanctions.

## Conclusion

Based on the foregoing reasons, the Motion for Sanctions should be denied.

Dated: November 30, 2015
Miami, Florida

Respectfully submitted,

By:   /s/ Stephen Field
STEPHEN D. FIELD, ESQ.
Florida Bar No. 554111
e-mail: steve@field-law.com
STEPHEN D. FIELD, P.A.
102 East 49th Street
Hialeah, Florida 33013
Telephone: (305) 698-3421
Direct Line: (305) 798-1335
Facsimile: (305) 698-1930
*Counsel for Objector – Ross Muller*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 30, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY:   /s/ Stephen Field

## SERVICE LIST - CASE NO. 13-cv-23656-JJO
## [CONSENT]

Lance A. Harke, Esq.
lharke@harkeclasby.com
Sarah Clasby Engel, Esq.
sengel@harkeclasby.com
Howard M. Bushman, Esq.
hbushman@harkeclasby.com
**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, Florida 33138
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

Robert W. Rodriguez, Esq.
RobertWRodriguez@GMail.Com
**ROBERT W. RODRIGUEZ, P.A.**
66 West Flagler Street, Suite 1002
Miami, Florida 33130
Telephone: (305) 444-1446
Facsimile: (305) 907-5244

Thomas A. Tucker Ronzetti, Esq.
tr@kttlaw.com
Adam M. Moskowitz, Esq.
amm@kttlaw.com
Tal J. Lifshitz, Esq.
tjl@kttlaw.com
**KOZYAK, TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
*Counsel for Plaintiffs*

John Campbell, Esq.
John@campbelllawllc.com
CAMPBELL LAW, LLC
1500 Washington Avenue, Suite 100
St. Louis, MO  63103
(314) 588-8101
*Counsel for Plaintiff*

David O. Pehlke, Esq.
david.pehlke@skadden.com
Brandon R. Keel, Esq.
Brandon.keel@skadden.com
**Skadden, Arps, Slate, Meagher & Flom, LLP**
155 N. Wacker Drive
Chicago, Illinois 60606
Phone: (312) 407-0700
Fax: (312) 407-0411
*Attorneys for Defendant Anheuser-Busch Companies, LLC*

Stanley H. Wakshlag, Esq.
swakshlag@knpa.com
**Kenny Nachwalter, P.A.**
201 S. Biscayne Blvd, Suite 1100
Miami, Florida 33131
Phone: (305) 373-1000
Fax: (305) 372-1861
*Attorneys for Defendant Anheuser-Busch Companies, LLC*