UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 13-cv-23656-O'SULLIVAN
[CONSENT]

FRANCISCO RENE MARTY,
SETH GOLDMAN, and
FERNANDO MARQUET
on behalf of themselves and all others
similarly situated,

Plaintiffs,

v.

ANHEUSER-BUSCH COMPANIES, LLC,

Defendants.
_____/

**OPPOSITION TO PLAINTIFFS' MOTION TO REQUIRE POSTING
OF APPEAL BOND BY OBJECTOR-APPELLANT ROSS MULLER**

Ross Muller ("Objector") files this Opposition to Plaintiff's Motion to Require Posting of Appeal Bond by the Objector-Appellant [D.E. 179] and in support states:

**INTRODUCTION**

Ross Muller is a class member because he has purchased Beck's Beer during the requisite time period. He submitted a claim form under the penalty of perjury and his claim number for the form was 60103393801. See Exhibit 1. Class counsel seeks a $10,000 appellate bond under Rules 7 and 8 of the Federal Rules of Appellate Procedure. Rule 7 permits a bond of taxable costs as those are defined under Rule 39(e). Class counsel admits that taxable costs under Rule 39(e) (printing, copying briefs and other submissions) are estimated to be $5,000. Any sum above $5,000 is not a taxable cost but is instead ostensibly related to delay and "administrative costs of

continued settlement administration." Settlement administration costs are not be included in the underlying statute, nor does the underlying statute shift costs symmetrically to the prevailing parties.

## ARGUMENT

As an initial matter, class counsel has failed to comply with the pre-filing conference as required by Local Rule 7.1(a)(3). Indeed, were class counsel to have asked via a meet and confer about an appeal bond, Objector likely would have agreed to a bond for taxable costs not to exceed $5,000 simply to expedite this matter. Objector does not oppose a bond of less than or equal to $5,000, class counsel's estimate of taxable costs under Rule 39(e). Indeed, it appears that the bond motion serves more as a vehicle to make false *ad hominem* attacks on Objector and his counsel than to obtain a bond for taxable costs.

The purpose of an appeal bond is "to ensure payment of costs on appeal." Fed. R. App. P. 7. "Costs" under Rule 7 do not include increased administrative costs associated with delays in settlement administration. "A district court may always include in an appeal bond the costs specified in Fed. R. App. P. 39. Yet these costs rarely exceed a few hundred dollars when taxed against an appellant. The district court may not include in an appeal bond any expenses beyond those referenced in Fed. R. App. P. 39 unless such expenses may be shifted pursuant to another statute." *In re Magsafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560, 563 (9th Cir. 2014) (unpublished) citing *Azizian v. Federated Dep't Stores, Inc.,* 499 F.3d 950, 955-960 (9th Cir. 2007).

While class counsel claim they are seeking an appeal bond, what they are really seeking is a *supersedeas* bond under Fed. R. App. Proc. 8, which is a bond for delay

*Opposition to Plaintiffs' Motion to Require Posting of Appeal Bond*
FRANCISCO RENE MARTY, et al., v. ANHEUSER-BUSCH COMPANIES, LLC.
Case No. 13-cv-23656-O'SULLIVAN
2

expenses. The difference between a *supersedeas* bond and an appeal bond is important: an appeal bond is a precondition for appeal, while an appellant can choose to forgo paying a *supersedeas* bond. *In re American President Lines, Inc.,* 779 F.2d 714, 717-18 (D.C. Cir. 1985). But there is no question that the requirements for Fed. R. App. Proc. 8 are not met because Objector has not sought a stay of this Court's ruling. Fed. R. App. Proc. 7 does not give a district court authority to write Fed. R. App. Proc. 8 out of the rules of federal procedure and require a bond for delay costs as a precondition for appeal. *American President Lines,* 779 F.2d at 718-19.

Though class counsel claims that "administrative costs of continued settlement administration" are "routinely included in class action appeal bonds," this is not true. While some courts have allowed these delay costs in the bond, other courts have flatly rejected including these costs. Some courts have looked at whether the appeal costs asked for are for the benefit of the class or just the defendants. For example, in *In re Enfamil LIPIL Mktg. and Sales Practices Litig.*, the court ordered a $1,000 appeal bond after deciding that "due to the lack of binding appellate authority on this issue and the parties' failure to demonstrate a tangible threat to the class as a whole, the Court declines to grant a *supersedas* bond". *In re Enfamil LIPIL Mktg. and Sales Practices Litig. MDL 2222*, 11-MD-02222, 2012 WL 1189763, at *3 (S.D. Fla. Apr. 9, 2012).

Here, class counsel has only demonstrated that its costs are for the claim administrator. These costs will not be paid by the class pursuant to the settlement agreement; these costs will be paid by Anheuser Busch "above and beyond any relief provided to the settlement class." See Docket 149-1, Settlement Agreement p 8. Thus, this Court should order a bond of less than $5,000.

*Opposition to Plaintiffs' Motion to Require Posting of Appeal Bond*
*FRANCISCO RENE MARTY, et al., v. ANHEUSER-BUSCH COMPANIES, LLC.*
*Case No. 13-cv-23656-O'SULLIVAN*
3

When deciding whether an appeal bond is merited, "courts consider (i) the appellant's financial ability to post a bond; (ii) the merits of the appeal; (iii) whether the appellant has shown any bad faith or vexatious conduct; (iv) the risk that the appellant would not pay appellee's costs if the appeal is unsuccessful ...; and (v) the appellant's attorney's prior actions." *In re Checking Account Overdraft Litig. .,* No. 1:09–MD–02036–JLK, 2012 WL 456691, at *2 (S.D.Fla. Feb.14, 2012) (citations omitted).

When assessing the five factors in this case, the ultimate determination of the factors weighs negatively on the imposition of the bond. For the first factor, the Objector does not have the financial means to pay for a large bond. (See Exhibit 2, Declaration of Ross Muller). The second factor, the merits of the appeal, weighs in favor of Objector. He has made a number of very good arguments, any one of which the appellate court could agree with. In particular, the excessive attorney awards is likely to be seen as too high compared with the amount of funds the class is to receive. The Eleventh Circuit could agree with a growing number of appellate courts that the district courts need to look very closely at the amount going to the class as compared to the amount pocketed by the attorneys. "In determining the reasonableness of the attorneys' fee agreed to in a proposed settlement, the central consideration is what class counsel achieved for the members of the class rather than how much effort class counsel invested in the litigation." *Redman v. RadioShack Corp.*, 768 F.3d 622, 633 (7th Cir. 2014) *cert. denied sub nom. Nicaj v. Shoe Carnival, Inc.*, 135 S. Ct. 1429 (2015).

For the third factor, whether the appellant has shown any bad faith or vexatious conduct, the answer is a resounding "no." Objector is a class member and has a right to file an objection. Objector wanted to submit an objection to the case and he hired an

*Opposition to Plaintiffs' Motion to Require Posting of Appeal Bond*
FRANCISCO RENE MARTY, et al., v. ANHEUSER-BUSCH COMPANIES, LLC.
Case No. 13-cv-23656-O'SULLIVAN
4

attorney. He is not required to have legal knowledge about the settlement agreement as class counsel says that he should. His bad memory/lack of knowledge about the case is not the same as bad faith or vexatious conduct.

For the fourth factor, the risk that the appellant would not pay appellee's costs if the appeal is unsuccessful, should be neutral. Appellant has never "not" paid any appellee's costs so it should not be assumed that he would not be able to pay. There is no evidence indicating positive or negative for this factor, and no presumption exists in regards to this factor.

The final factor, the appellant's attorney's prior actions, also weighs towards not requiring a bond.  Objector's attorney is in good standing with the Florida Bar and has not been disciplined. He has diligently represented his client's interests to the best of his ability. It appears his only "mistake" is having a client who does not remember the details of the settlement, which is not indicative of the attorney's prior actions.

Because all of the factors weigh either favorably or are neutral, this Court should deny the motion for an appeal bond. To the extent a bond is imposed in this case, it should not exceed the estimate of taxable costs of $5,000.

## CONCLUSION

Objector, Ross Muller, respectfully request that to the extent the Court orders a bond in this case, the bond should not exceed $5,000. The request for a $10,000 appeal bond should be denied.


Dated: December 28, 2015
     Miami, Florida

*Opposition to Plaintiffs' Motion to Require Posting of Appeal Bond*
FRANCISCO RENE MARTY, et al., v. ANHEUSER-BUSCH COMPANIES, LLC.
Case No. 13-cv-23656-O'SULLIVAN
5

                Respectfully submitted,

By: */s/ Stephen Field*
STEPHEN D. FIELD, ESQ.
Florida Bar No. 554111
e-mail: steve@field-law.com
STEPHEN D. FIELD, P.A.
102 East 49th Street
Hialeah, Florida 33013
Telephone: (305) 698-3421
Direct Line: (305)798-1335
Facsimile: (305) 698-1930
*Counsel for Objector – Ross Muller*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 28, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY: */s/ Stephen Field*

*Opposition to Plaintiffs' Motion to Require Posting of Appeal Bond*
FRANCISCO RENE MARTY, et al., v. ANHEUSER-BUSCH COMPANIES, LLC.
Case No. 13-cv-23656-O'SULLIVAN
6

## **SERVICE LIST - CASE NO. 13-cv-23656-O'SULLIVAN**
## **[CONSENT]**

Lance A. Harke, Esq.
lharke@harkeclasby.com
Sarah Clasby Engel, Esq.
sengel@harkeclasby.com
Howard M. Bushman, Esq.
hbushman@harkeclasby.com
**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, Florida 33138
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

Robert W. Rodriguez, Esq.
RobertWRodriguez@GMail.Com
**ROBERT W. RODRIGUEZ, P.A.**
66 West Flagler Street, Suite 1002
Miami, Florida 33130
Telephone: (305) 444-1446
Facsimile: (305) 907-5244

Thomas A. Tucker Ronzetti, Esq.
tr@kttlaw.com
Adam M. Moskowitz, Esq.
amm@kttlaw.com
Tal J. Lifshitz, Esq.
tjl@kttlaw.com
**KOZYAK, TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
*Counsel for Plaintiffs*

John Campbell, Esq.
John@campbelllawllc.com
**CAMPBELL LAW, LLC**
1500 Washington Avenue, Suite 100
St. Louis, MO  63103
(314) 588-8101
*Counsel for Plaintiff*

*Opposition to Plaintiffs' Motion to Require Posting of Appeal Bond*
*FRANCISCO RENE MARTY, et al., v. ANHEUSER-BUSCH COMPANIES, LLC.*
*Case No. 13-cv-23656-O'SULLIVAN*
7

David O. Pehlke, Esq.
david.pehlke@skadden.com
Brandon R. Keel, Esq.
Brandon.keel@skadden.com
**Skadden, Arps, Slate, Meagher & Flom, LLP**
155 N. Wacker Drive
Chicago, Illinois 60606
Phone: (312) 407-0700
Fax: (312) 407-0411
*Attorneys for Defendant Anheuser-Busch Companies, LLC*

Stanley H. Wakshlag, Esq.
swakshlag@knpa.com
**Kenny Nachwalter, P.A.**
201 S. Biscayne Blvd, Suite 1100
Miami, Florida 33131
Phone: (305) 373-1000
Fax: (305) 372-1861
*Attorneys for Defendant Anheuser-Busch Companies, LLC*

*Opposition to Plaintiffs' Motion to Require Posting of Appeal Bond*
*FRANCISCO RENE MARTY, et al., v. ANHEUSER-BUSCH COMPANIES, LLC.*
*Case No. 13-cv-23656-O'SULLIVAN*
8