UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 13-23656-CIV-O'SULLIVAN
[CONSENT]

FRANCISCO RENE MARTY, et al.,
    Plaintiffs,

v.

ANHEUSER-BUSCH COMPANIES, LLC,
    Defendant.
_____/

## ORDER

THIS MATTER comes before the Court on the Plaintiffs' Motion to Require Posting of Appeal Bond by Objector-Appellant Ross Muller and Incorporated Memorandum of Law (DE# 179, 12/8/15).

The plaintiffs initially sought an order requiring objector Ross Mueller to post an appeal bond in the amount of $10,000 to account for estimated appellate costs and continued settlement administration costs during the length of the appeal period. See Plaintiffs' Motion to Require Posting of Appeal Bond by Objector-Appellant Ross Muller and Incorporated Memorandum of Law (DE# 179, 12/8/15). In his response, Mr. Mueller states: "Objector does not oppose a bond of less than or equal to $5,000, class counsel's estimate of taxable costs under Rule 39(e)." Opposition to Plaintiffs' Motion to Require Posting of Appeal Bond by Objector-appellant Ross Muller (DE# 181 at 2, 12/28/15).[1] In their reply, the plaintiffs assert that "to avoid further litigation on this issue,

---

[1] In other parts of his response, Mr. Mueller states "this Court should order a bond of less than $5,000" and "[b]ecause all of the factors weigh either favorably or are neutral, this Court should deny the motion for an appeal bond. To the extent a bond is imposed in this case, it should not exceed the estimate of taxable costs of $5,000." Opposition to Plaintiffs' Motion to Require Posting of Appeal Bond by Objector-Appellant Ross Muller (DE# 181 at 3, 5, 12/28/15).

Plaintiffs request that the Court enter an Order under FRAP 7 and 8 requiring Objector-Appellant Muller to post an appeal bond totaling $5,000 to account for expected appellate costs as well as the administrative costs of continued settlement administration during the length of the appeal period." Plaintiffs' Reply to Opposition to Motion to Require Posting of Appeal Bond by Objector-Appellant Ross Muller (DE# 182 at 2, 1/7/16). In light of the plaintiffs' statement in their reply, the Court will limit the instant motion to a request for a $5,000 appeal bond.

The parties agree on the factors the Court should consider in determining whether to require an appeal bond:

> (i) the appellant's financial ability to post a bond; (ii) the merits of the appeal; (iii) whether the appellant has shown any bad faith or vexatious conduct; (iv) the risk that the appellant would not pay appellee's costs if the appeal is unsuccessful . . . and (v) the appellant's attorney's prior actions.

In re Checking Account Overdraft Litig., No. 1:08-CV-23323-JLK, 2012 WL 456691, at *2 (S.D. Fla. Feb. 14, 2012) (citations omitted). See Plaintiffs' Motion to Require Posting of Appeal Bond by Objector-Appellant Ross Muller and Incorporated Memorandum of Law (DE# 179 at 5, 12/8/15); Opposition to Plaintiffs' Motion to Require Posting of Appeal Bond by Objector-appellant Ross Muller (DE# 181 at 4, 12/28/15).

Having carefully reviewed these factors, the Court finds that the imposition of an appeal bond is warranted in the instant case. In response to the first factor, Mr. Mueller asserts that he does not have the financial means to pay a large bond and has filed a declaration. See Opposition to Plaintiffs' Motion to Require Posting of Appeal Bond by Objector-appellant Ross Muller (DE# 181 at 4, 12/28/15); Declaration of Ross Mueller (DE# 181-2, 12/28/15). Mr. Mueller's declaration is conclusory and unhelpful to the

Court's assessment of Mr. Mueller's ability to post a bond.[2]

As to the second factor, the Court notes that it rejected Mr. Mueller's objections when it approved the class settlement. Based on the questionable nature of the objections previously asserted by Mr. Mueller, the Court believes it is unlikely that Mr. Mueller will prevail in his appeal.

In considering the third factor, the Court will not make a finding that Mr. Mueller has engaged in bad faith or vexatious conduct based on the record at this time. Nonetheless, having reviewed Mr. Mueller's objections in this case and in a prior class action the undersigned concludes that the third factor is either neutral or weighs more in favor of imposing a bond.

As to the fourth factor, the Court notes that Mr. Mueller asserts that he does not have the financial means to pay a large bond and while Mr. Mueller does not adequately support this statement in his declaration, it is sufficient to raise the issue of whether Mr. Mueller would be able to pay appellate costs if he is unsuccessful on appeal.

Lastly, the plaintiffs have shown that Mr. Mueller's counsel has engaged in

---

[2] With respect to his financial ability, Mr. Muller attests:

> 3. . . . I do not presently have the ability to qualify for, pay for or post an appeal bond in the amount of $10,000.00 nor do I have the ability to pay for and post an appeal bond in the amount of $5,000.00 – Plaintiffs' estimated taxable costs.
>
> 4. I am currently self-employed and live pay check to pay check, leaving little or no discretionary income.

Declaration of Ross Mueller (DE# 181-2 at ¶¶ 3-4, 12/28/15).

similar objections to class action settlements in the past. Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion to Require Posting of Appeal Bond by Objector-Appellant Ross Muller and Incorporated Memorandum of Law (DE# 179, 12/8/15) is **GRANTED in part and DENIED in part**. Mr. Mueller shall post a $5,000 appeal bond with the Clerk of the Court within twenty (20) days of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this **2nd** day of February, 2016.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided:
All counsel on record